2024 IL App (1st) 232336

No. 1-23-2336B

Opinion filed February 8, 2024

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 MC 1114500 |
| | ) | |
| HERBERT PITTS, | ) | Honorable |
| | ) | William Fahy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Reyes concurred in the judgment and opinion.
Justice R. Van Tine specially concurred, with opinion.

**OPINION**

¶ 1    Defendant Herbert Pitts appeals the trial court's order denying him pretrial release,

pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-

6.1 (West 2022)).

¶ 2    Defendant argues only that the State failed to prove the first element required for his

detention: that the proof was evident or the presumption great that defendant committed a

detainable offense. For the reasons that follow, we affirm the judgment of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4    On November 27, 2023, the State charged defendant with multiple offenses, including one count of armed violence based on the possession of crack cocaine, one count of unlawful use of a weapon by a felon, two counts of possession of a controlled substance, one count of possession of cannabis with intent to manufacture or deliver, and two counts of aggravated assault. The same day, the State filed a petition for pretrial detention based on the armed violence count, and the trial court held a hearing on that petition.

¶ 5    The State made a factual proffer, which is summarized as follows. On November 27, 2023, at 9 a.m., Chicago police officers were dispatched to 11632 South Church Street in Chicago, Illinois, for a property dispute between a landlord[1] and an alleged squatter. The landlord told responding officers that defendant was squatting on his property and needed to leave. The officers informed the landlord and defendant that it was a civil dispute for the county, but that defendant should vacate the premises. The officers departed but were called to return to the same location several minutes later with the landlord claiming that defendant had threatened him with a gun.

¶ 6    The landlord then told the officers that defendant left, traveling northbound on Church Street, carrying a large black garbage bag. The officers located defendant, who was not carrying a black garbage bag, and placed him under arrest. A street camera showed defendant walking northbound, carrying a black garbage bag, only to enter a yard at 11620 South Church Street, and then exit without the bag. Officers traveled to 11620 South Church Street and recovered a black garbage bag. The bag contained mail bearing defendant's name, prescription medication in defendant's name, a loaded nine-millimeter handgun, Xanax pills, THC gummies, 10 cannabis

---

[1]Police reports in the record list two separate victims, and the State's proffer does not make it clear which one of those is the landlord to which its proffer refers.

cigarettes, and a jar and two sandwich bags containing cannabis. Defendant did not possess a valid Firearm Owner's Identification (FOID) card or a Concealed Carry License (CCL). A search of defendant's person yielded a bag containing 21 grams of crack cocaine. The State also referenced the fact that the residence in which defendant had been squatting was missing multiple construction tools valued at over $10,000, and accused defendant of being responsible, though it did not charge defendant with any offenses related to those tools and presented no evidence that defendant was responsible.

¶ 7    Defendant's criminal history contains numerous felony convictions, including domestic abuse, aggravated battery with a deadly weapon, aggravated battery in a public place, felon in possession of a firearm, a felony violation of an order of protection, and two separate convictions for aggravated unlawful use of a weapon. He also has six misdemeanor convictions, including two violations of an order of protection, assault, disorderly conduct, animal cruelty, and unlawful use of a weapon. Pretrial services scored defendant a 4 on "new criminal activity" scale and a 3 on the "failure to appear" scale.

¶ 8    Defense counsel proffered that the initial 911 call was made by defendant to report a burglary, that the landlord subsequently called 911 to report a trespass to property, and that nothing established definitively whether defendant had a right to be on the property or not. She also proffered that defendant was 50 years old, a life-long resident of Cook County, had five children, was a graduate of George Washington Career Academy, and was presently taking classes at Olive Harvey Community College.

¶ 9    The trial court found that the State met its burden of proof and granted the State's petition for detention. Defendant timely appealed the detention order. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023).

¶ 10                                    II. ANALYSIS

¶ 11                               A. Standard of Review

¶ 12     At the outset, we must address the question of the proper standard of review to be applied when reviewing a trial court's order denying pretrial release. Since the effective date of the revised version of the Code, a debate has already arisen among the appellate districts, and even among divisions in the First District, regarding the appropriate standard of review to apply to whether the State met its burden found at subsection 110-6.1(e) of the Code. 725 ILCS 5/110-6.1(e) (West 2022); see *People v. Herrera*, 2023 IL App (1st) 231801, ¶¶ 22-24 (observing split between districts).

¶ 13     The Code establishes that all defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). That presumption is only overcome if the State can prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a detainable offense, (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case, and (3) no condition or combination of conditions set forth in section 110-10 of the Code can mitigate that threat. *Id.* § 110-6.1(e)(1)-(3).

¶ 14     Some courts have held that the abuse of discretion standard should apply to the trial court's factual findings. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10; *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18; *People v. Bradford*, 2023 IL App (1st) 231785, ¶ 33. In other instances, courts have held that the trial court's finding should only be reversed if it is against the manifest weight of the evidence. *People v. Stock*, 2023 IL App (1st) 231753, ¶ 12; *People v. Rodriguez*, 2023 IL App (3d) 230450, ¶ 8. One division of the First District recently held that the first two

elements should be reviewed using the manifest weight standard while the third should be reviewed for an abuse of discretion. *People v. Saucedo*, 2024 IL App (1st) 232020, ¶¶ 35-36. That decision also spawned a special concurrence advocating that our standard of review should be *de novo*. *Id.* ¶¶ 64-123 (Ellis, J., specially concurring).

¶ 15    We think the most appropriate standard by which to review this sufficiency question is whether the trial court's findings were against the manifest weight of the evidence. While the result of this case would be the same under any standard, we believe it pertinent to address this conflict to attempt to achieve some resolution, or at least further the discourse of this issue going forward.

¶ 16    The line of cases holding that the appropriate standard of review is whether the trial court abused its discretion appears to begin with *Inman*, and so that is a logical place to begin the analysis. *Inman*'s entire basis for applying the abuse of discretion standard was that that is the way we have always reviewed bail appeals. *Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9).

¶ 17    However, even though the defendant in *Simmons* was appealing the denial of bail, *Simmons* reviewed the issue using the portion of the Code in effect at the time that governed the setting of bail and other conditions of release. *Simmons*, 2019 IL App (1st) 191253, ¶¶ 1, 12; 725 ILCS 5/110-5 (West 2018). In other words, *Simmons* did not interpret the prior version of the statute that is now at issue in this case. On that basis, *Simmons* should hold no sway over the appropriate standard of review to be applied to a detention order.

¶ 18    In fact, there is virtually no precedent dealing with the prior version of the detention statute. It appears there is one published decision, *People v. Gil*, 2019 IL App (1st) 192419, which addressed the prior version of the detention statute. But *Gil* was concerned with whether the proper

procedures were followed before the trial court denied bail and had no occasion to contemplate the standard of review for the issue facing us today. *Id.* ¶ 15.

¶ 19     The prior version of section 110-5 of the Code had no burden of proof regarding the setting of bail or conditions of release. 725 ILCS 5/110-5 (West 2018). And the two cases upon which *Simmons* relied both also concerned the setting of bail rather than detention. See *People v. Saunders*, 122 Ill. App. 3d 922, 929 (1984) (court's decision to increase bond from $200,000 back to the original $500,000 had "no hint of the arbitrariness or caprice which signals judicial abuse of discretion"); see also *People v. Edwards*, 105 Ill. App. 3d 822, 830 (1982) (court's decision to require the defendant to post bond on appeal was not an abuse of discretion). Thus, it made sense for *Simmons* to apply an abuse-of-discretion standard. *Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 12-13.

¶ 20     Therefore, when *Inman* claimed that we have historically reviewed bail appeals using an abuse of discretion standard, this does not appear to be the case when it comes to detention orders. *Inman*, 2023 IL App (4th) 230864, ¶ 10. Even ignoring the lack of historical precedent for reviewing detention orders for an abuse of discretion, it makes little sense to afford the trial court discretion over what is a binary principle; either the State met its burden of proof, or it has not.

¶ 21     The legislature has mandated that the State's burden at a detention hearing is clear and convincing evidence. 725 ILCS 5/110-6.1(e) (West 2022). We have consistently attached a manifest weight of the evidence standard of review to findings made by the trial court under that burden of proof. For example, in parental rights cases, parental unfitness must be shown by clear and convincing evidence; thus, the standard of review is whether the trial court's finding was against the manifest weight of the evidence. *In re C.N.*, 196 Ill. 2d 181, 208 (2001).

¶ 22    Likewise, in Sexually Violent Persons Commitment Act (725 ILCS 207/1 *et seq.* (West 2022)) proceedings, the trial court's determination that the State proved by clear and convincing evidence that the safety of others required the revocation of conditional release will not be disturbed unless it is against the manifest weight of the evidence. *In re Commitment of Rendon*, 2014 IL App (1st) 123090, ¶ 32.

¶ 23    Additionally, in civil cases, a verdict is only reversed if it was contrary to the manifest weight of the evidence. *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 132 (1999). And in criminal cases, for example, factual findings on a motion to suppress evidence or a motion to suppress statements are not overturned unless they are against the manifest weight of the evidence. *People v. Brown*, 182 Ill. App. 3d 1046, 1051 (1989); *People v. Partin*, 2022 IL App (2d) 210455, ¶ 35.

¶ 24    If we reviewed whether the State met its burden of proof here based on whether the trial court abused its discretion, then appeals stemming from detention orders would be at odds with the bulk of our "clear and convincing" jurisprudence. Additionally, an abuse of discretion standard of review makes little sense when we consider the point of standards of proof.

¶ 25    Standards of proof are concerned with the quantum and quality of proof that must be presented in order to prevail on an issue. *In re D.T.*, 212 Ill. 2d 347, 355 (2004). The standard of proof instructs " ' "the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication." ' " *Id.* (quoting *Addington v. Texas*, 441 U.S. 418, 423 (1979), quoting *In re Winship*, 397 U.S. 358, 370 (1970) (Harlan, J., concurring)). The sound discretion of the trial court "is simply not a standard of proof— traditional, nontraditional, or otherwise," and says nothing about the degree of confidence a trial

court must have in the correctness of its conclusions. *Id.* This logic holds even when the trial court is required to consider or balance numerous statutory factors. *Id.*

¶ 26 If we were to apply an abuse of discretion standard, that would logically necessitate that the detention determination is one left to the trial court's discretion. But that is plainly inconsistent with the Code's language. If the State fails to carry its burden at a pretrial detention hearing, the Code does not empower the trial court to use its discretion to nevertheless detain the individual. 725 ILCS 5/110-6.1(e) (West 2022). In that instance, the Code's presumption of eligibility for release remains intact, and the defendant must be released, with or without conditions. *Id.*

¶ 27 An abuse of discretion standard is also inconsistent with the significance of pretrial detention orders. Pretrial detention constitutes a deprivation of the fundamental right to liberty. *United States v. Salerno*, 481 U.S. 739, 750 (1987). Indeed, the presumption of eligibility for release and the elimination of cash bail seems to bring us closer than ever before to *Salerno*'s observation that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755. Pretrial liberty "permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Furthermore, pretrial detention wreaks havoc on familial relationships, employment, and educational pursuits while the individual is still cloaked in the presumption of innocence.

¶ 28 All of this is to say that abuse of discretion—the "most deferential standard of review— next to no review at all," a standard typically reserved for decisions by a trial judge overseeing his or her courtroom or in maintaining the progress of a trial (internal quotation marks omitted)

(*People v. Holman*, 402 Ill. App. 3d 645, 650 (2010))—is not appropriate for such a critical decision with far-reaching consequences.

¶ 29    Accordingly, we believe the appropriate standard of review for whether the State provided clear and convincing evidence as to the three elements necessary to justify pretrial detention is whether the trial court's finding was against the manifest weight of the evidence. Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." (Internal quotation marks omitted.) *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 30                              B. Sufficiency of the Evidence

¶ 31    Defendant makes one argument on appeal: that the State failed to prove by clear and convincing evidence that the proof was evident or the presumption great that he committed a detainable offense. The State sought pretrial detention based only on the armed violence count. While defendant does not contest the portions of the State's proffer that claimed he was armed with a firearm, he argues that nothing in the State's proffer established that defendant committed the requisite additional felony while armed with a firearm necessary for armed violence. We disagree.

¶ 32    A person commits armed violence when, while armed with a dangerous weapon, he commits any felony other than a number of enumerated exceptions. 720 ILCS 5/33A-2(a) (West 2022). Offenses that cannot serve as the requisite felony are, for example, first degree murder, aggravated battery of a child, home invasion, and "any offense that makes the possession or use of

a dangerous weapon either an element of the base offense, an aggravated or enhanced version of the offense, or a mandatory sentencing factor that increases the sentencing range." *Id.* Possession of a controlled substance is not one of the excluded felony offenses. *Id.* Armed violence is a detainable offense. 725 ILCS 5/110-6.1(a) (West 2022).

¶ 33    The State's proffer established that defendant threatened the landlord with a firearm and then left the property, carrying a black garbage bag. Camera footage showed defendant enter a yard with a bag, and then leave without it. Officers subsequently went to that yard and located the black garbage bag. The search of the bag yielded a handgun, Xanax pills, and cannabis. A search of defendant's person yielded crack cocaine.

¶ 34    In order for the handgun to make it into the black garbage bag that was recovered from the yard, defendant must have had it on his person when he left the property at which he had threatened the landlord. Given that defendant walked from the altercation to where he deposited the bag and crack cocaine was found on his person, there was at least circumstantial evidence that defendant possessed the illegal drugs simultaneously with the handgun at some point prior to discarding the bag. The alternative and unconvincing, albeit possible, theory—seemingly endorsed by defendant—is that he retrieved the crack cocaine at the location where he discarded the bag and put it in his pockets and, therefore, never simultaneously possessed the handgun and the narcotics.

¶ 35    Importantly, the State's burden at this stage is not proof beyond a reasonable doubt, but rather only whether there was clear and convincing evidence that "proof [was] evident or the presumption great." *Id.* § 110-6.1(e). We do not believe that the trial court's finding was unreasonable, arbitrary, or not based on the evidence presented, or that the opposite conclusion was clearly evident.

¶ 36                              III. CONCLUSION

¶ 37    For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

¶ 38    Affirmed.

¶ 39    VAN TINE, J., specially concurring:

¶ 40    I concur in the outcome of this appeal. However, I would review the trial court's ruling under the abuse of discretion standard rather than the manifest weight of the evidence standard.

¶ 41    Most pretrial detention hearings do not involve evidence.[2] Evidence consists of witness testimony, documents, physical exhibits, stipulations, and judicially noticed facts. Illinois Pattern Jury Instructions, Criminal, No. 1.01 (approved July 18, 2014). At most pretrial detention hearings, the parties do not present such evidence. Instead, the parties make proffers and representations to the court (725 ILCS 5/110-6.1(f)(2) (West 2022)), which the court generally accepts as true without adversarial testing such as cross-examination. Moreover, the Pretrial Fairness Act states that the Rules of Evidence do not apply at pretrial detention hearings (*id.* § 110-6.1(f)(5)), suggesting that the legislature does not view pretrial detention hearings as involving evidence. Because the parties generally do not introduce evidence at pretrial detention hearings, the appellate records that those hearings produce are sparse. On review, there is usually no evidence for us to weigh.

¶ 42    Furthermore, the trial court is in a better position than we are to evaluate whether a defendant should be detained pending trial. Unlike us, the trial court can observe the defendant's

---

[2]I say "most" because some pretrial detention hearings involve video recordings from sources such as police body cameras and surveillance cameras. Such video recordings could potentially be admissible evidence, although they are generally not formally introduced as evidence at pretrial detention hearings.

demeanor and whether he or she appears compliant versus defiant or threatening. In other areas of the law, when we recognize that the trial court is in a better position to evaluate an issue based on the court's personal observation of and familiarity with the case, the abuse of discretion standard applies. See, *e.g.*, *People v. Bowman*, 2012 IL App (1st) 102010, ¶ 72 (sentencing); *Oldenstedt v. Marshall Erdman and Associates, Inc.*, 381 Ill. App. 3d 1, 11 (2008) (effect of improper closing argument). Like pretrial detention rulings, sentencing decisions affect the liberty of criminal defendants and are often based on submissions from the parties that would not be admissible as evidence, such as presentence investigation reports and letters from victims, families, and friends. We trust our trial court judges to exercise discretion in sentencing decisions and we should do the same for pretrial detention decisions.

¶ 43    I acknowledge that the Act imposes a burden of clear and convincing evidence on the State. 725 ILCS 5/110-6.1(e) (West 2022). Although determining whether the State met that burden or not is binary, the trial court is not confined to a binary ruling of detention or release. For example, the court can order pretrial release with conditions such as electronic monitoring and can modify those conditions as the case progresses. *Id.* § 110-5(a), (f-5), (g). Moreover, the existence of a clear and convincing evidence burden in the trial court does not automatically require manifest weight of the evidence review on appeal. In other areas of the law, we review the trial court's ultimate ruling for an abuse of discretion even though one of the parties had to prove a certain proposition by clear and convincing evidence. See, *e.g.*, *Roberson v. Belleville Anesthesia Associates, Ltd.*, 213 Ill. App. 3d 47, 52 (1991) (party challenging validity of settlement agreement must prove by clear and convincing evidence that settlement was not in good faith, but trial court's ruling on that issue is reviewed for abuse of discretion); *In re Marriage of Ryman*, 172 Ill. App. 3d 599, 607

(1988) (contributions to marital property in divorce must be proved by clear and convincing evidence, but trial court's attempt to offset marital estate's right to reimbursement for those contributions is reviewed for abuse of discretion). Therefore, in my view, abuse of discretion review is more appropriate for pretrial detention rulings.

¶ 44    However, the result of this case would be the same under either standard, which is why I concur with the outcome.

---

*People v. Pitts*, **2024 IL App (1st) 232336**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 23-MC-1114500; the Hon. William Fahy, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Tai Martin, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Jeffrey M. Houzenga, Assistant State's Attorney, of counsel), for the People. |

---