2024 IL App (1st) 240154

SIXTH DIVISION

May 3, 2024

No. 1-24-0154B

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 241104752 |
| | ) | |
| EMMANUEL JOHNSON, | ) | Honorable |
| | ) | Ankur Srivastava, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Justices Hyman and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Emmanuel Johnson appeals from the circuit court's grant of the State's pretrial detention petition per article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) and Public Act 102-1104, § 70 (eff. Jan. 1, 2023), claiming the State failed to proffer clear and convincing

evidence that he posed a threat to a person, persons, or the community. Because the court's finding that Johnson posed a real and present threat to the community was not against the manifest weight of the evidence and its decision to detain him pending trial was not an abuse of discretion, we affirm.

¶ 2                                    BACKGROUND

¶ 3    Johnson was arrested on January 7, 2024, and charged by criminal complaint with unlawful use or possession of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2022)). On January 8, 2024, the State filed its pretrial detention petition, in which it alleged Johnson was on parole when arrested for UUWF and "clearly" posed a real and present threat.

¶ 4    At the pretrial detention hearing, the State proffered that on January 7, 2024, Chicago police officers stopped a vehicle due to an expired license plate. As the officers approached, they detected a "strong odor of cannabis emitting" from the vehicle, and the driver showed the officers a bag of marijuana. Hence, they asked the occupants of the vehicle to exit for a "narcotics search." Johnson was the front seat passenger. He told the officers "hold on" and "[l]et me call my mom" while holding his cell phone. Officers took Johnson's phone, and he "began crouching in the seat," at which point the officers removed Johnson from the vehicle, searched him, and recovered a loaded firearm from his waistband.

¶ 5    The State further proffered that Johnson could not legally possess a firearm because he was on parole at the time of his arrest for a 2014 conviction of armed robbery with a firearm. He had been out on parole for only "a little under six months" before the January 7, 2024, incident. Given these circumstances, the State argued, it was "clear" Johnson posed a real and present threat because "he received a 20 year sentence for this armed robbery with a firearm and [then] was in possession of a firearm."

¶ 6    Defense counsel proffered, in relevant part, that Johnson did not pose a threat because the State made no "allegations of violence" in connection with the UUWF charge. Counsel emphasized the State did not allege that Johnson engaged in any illegal conduct besides the possession of the firearm and that the record showed Johnson made no "dangerous maneuvers," cooperated with the officers, and did not resist arrest. Moreover, Johnson had connections with the community, including employment through the "CTA second chance" program. He lived with his family and served as a caretaker for his grandfather, who suffered from lung disease and Alzheimer's disease. Counsel proposed electronic monitoring as a potential mitigating condition of pretrial release.

¶ 7    The circuit court granted the State's petition. Regarding whether Johnson posed a real and present threat, the court stated, "the bottom line is, you are on parole for a very serious offense *** another firearm offense. You have been on parole for about six months here and you picked up another gun case. *** In my view, it does show you pose a danger."

¶ 8    Also on January 8, 2024, the circuit court entered its pretrial detention order. Regarding the real and present threat Johnson posed, the court wrote, "Defendant was just placed on parole 6 months ago after serving a 20 year sentence for armed robbery with a firearm. Defendant possessing a loaded firearm on his person while on parole for a serious and violent offense suggests that his release poses a danger to the community."

¶ 9    On January 19, 2024, Johnson filed a notice of appeal from the circuit court's January 8, 2024, detention order. Johnson raised a single claim on appeal—the State failed to prove by clear and convincing evidence that he posed a real and present threat—and attached a "supplemental document" in support. Therein, Johnson argued he did not pose a threat because he only "possessed the firearm"; did not use, brandish, or threaten anyone with it; and did not engage in any "violent

behavior." Additionally, Johnson cooperated with police officers after they removed him from the vehicle. Johnson concluded that "[m]ere possession of a firearm, without any other allegations of violent or dangerous behavior, is not sufficient to find a real and present threat to safety."

¶ 10                                    JURISDICTION

¶ 11    The circuit court entered its order detaining Johnson pending trial on January 8, 2024, and he filed his notice of appeal on January 19, 2024. Accordingly, the notice was timely, and this court has jurisdiction per the Code. See 725 ILCS 5/110-6.1(j) (West 2022); Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023).

¶ 12                                     ANALYSIS

¶ 13    Johnson's lone claim on appeal is that the State did not demonstrate through clear and convincing evidence that he posed a real and present threat to a person, persons, or the community.

¶ 14    A criminal defendant is presumed eligible for pretrial release and cannot be detained pending trial unless the State files a pretrial detention petition. 725 ILCS 5/110-6.1(a)(1)-(8), (e) (West 2022). After the State files the petition, the circuit court must conduct a pretrial detention hearing, during which the parties can proceed by way of proffer to present the anticipated evidence of the case. *Id.* § 110-6.1(c)(2), (e), (f)(2). At the hearing, the State bears the burden to establish certain elements by clear and convincing evidence, including, as relevant here, that the defendant poses a "real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." *Id.* § 110-6.1(e)(2). In determining whether a defendant poses a real and present threat, the Code provides that a circuit court may consider certain factors, including whether the defendant (1) has a criminal history that is "indicative of violent" conduct, (2) has access to weapons, or (3) was on parole at the time of the alleged offense. *Id.* § 110-6.1(g)(2)(A), (7), (8).

4

¶ 15    If the circuit court grants the State's petition, it must issue a written detention order "summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(h)(1).

¶ 16    The appropriate standard of review for pretrial detention claims arising under the Code is still a matter of debate. See *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 14. We agree with those panels that have found a two-tiered standard of review appropriate, where, generally, the circuit court's findings of fact are reviewed under the manifest weight of the evidence standard, while the ultimate decision regarding pretrial detention is reviewed for abuse of discretion. See *id.* ¶¶ 14-29; *People v. Castillo*, 2024 IL App (1st) 232315, ¶ 18. Johnson's claim arises from the court's factual findings as to the second requirement the State must prove under section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e)(2) (West 2022)), and therefore, we will review his claim using the manifest weight standard. *Pitts*, 2024 IL App (1st) 232336, ¶¶ 14-29. We may consider both the oral and written findings of the circuit court. *Castillo*, 2024 IL App (1st) 232315, ¶ 30.

¶ 17    The State proffered that Johnson, while on parole for a firearm offense, was arrested while in possession of a loaded firearm. During the pretrial detention hearing, in finding Johnson posed a real and present threat, the circuit court cited the fact that Johnson's arrest occurred less than six months after his release on parole for armed robbery with a firearm. The court further explained in its written order that "[d]efendant possessing a loaded firearm on his person while on parole for a serious and violent offense suggests that his release poses a danger to the community."

¶ 18    We hold the circuit court's finding that the State presented clear and convincing evidence that Johnson posed a real and present threat was not against the manifest weight of the evidence. As the court noted during the hearing and in its order, Johnson was currently on parole for a conviction involving the use of a firearm when police recovered a loaded firearm from his waistband. Possession of the firearm disregards the conditions of his release. A person who acts with such disregard could reasonably be found to place the public at risk, even where, as here, that person was not arrested while actively using the firearm. See *People v. Lee*, 2024 IL App (1st) 232137, ¶ 29 (noting the public policy in Illinois that the public health and welfare is furthered by identifying individuals who should not have firearms (citing 430 ILCS 65/1 (West 2022))); see also *People v. Parker*, 2024 IL App (1st) 232164, ¶¶ 74-77 (circuit court did not err in finding a defendant with a criminal history posed a danger due to possession of a firearm where, in part, the defendant was already barred from possessing a firearm and demonstrated noncompliance with court orders).

¶ 19    We are further guided by the factors listed in the Code that courts may consider when deciding whether a defendant poses a real and present threat. See 725 ILCS 5/110-6.1(g) (West 2022). The State's proffer showed that Johnson, at the time of his arrest, was on parole after an armed robbery with a firearm conviction and currently had access to firearms. Each aspect of Johnson's conduct—his parole status, his access to firearms, and his violent criminal history—are relevant factors to a court's detention determination. *Id.* § 110-6.1(g)(2)(A), (7), (8).

¶ 20    Johnson contends the State did not demonstrate he posed a real and present threat because (1) he was not charged with using the firearm he possessed in a violent or threatening manner, (2) Pretrial Services did not assign him a "New Violent Criminal Activity Flag," and (3) his conviction, while violent, occurred almost a decade before the current arrest. These arguments fail

because they ignore the guidance from cases like *Lee* and *Parker*, where those courts acknowledged the danger of firearm possession *under any circumstances* by an individual legally barred from doing so. See *Lee*, 2024 IL App (1st) 232137, ¶ 29 (citing 430 ILCS 65/1 (West 2022)); *Parker*, 2024 IL App (1st) 232164, ¶¶ 74-77. Johnson's willingness to use a firearm in the commission of a violent crime, coupled with his subsequent inability to refrain from committing a new firearm violation following his conditional release for that violent crime, provides more than a sufficient record to sustain the circuit court's pretrial detention finding.

¶ 21                                CONCLUSION

¶ 22   The circuit court's finding that Johnson posed a real and present threat was not against the manifest weight of the evidence, and the court's order for pretrial detention was not an abuse of discretion. Hence, we affirm.

¶ 23   Affirmed.

*People v. Johnson*, **2024 IL App (1st) 240154**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 241104752; the Hon. Ankur Srivastava, Judge, presiding. |
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Emily Motin, Assistant Public Defender, of counsel), for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Noah Montague, Assistant State's Attorney, of counsel), for the People. |