2024 IL App (1st) 240726-U

FIRST DISTRICT,
FIRST DIVISION
June 10, 2024

No. 1-24-0726B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) | No. 21 CR 1288301 |
| MAURICE BUTLER, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | James Bryan Novy, Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's order denying defendant's pretrial release is affirmed where the court's findings that defendant committed an eligible offense, posed a real and present threat to the safety of the victim and the community, and that no less restrictive conditions could mitigate that threat were not against the manifest weight of the evidence.

¶ 2    Defendant Maurice Butler appeals from the trial court's order denying his pretrial release pursuant to the recent amendments to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/100-1 *et seq.* (West 2022)), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act or Pretrial Fairness Act (Act). See Pub. Act 101-652 (eff. Jan. 1,

2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we affirm.

¶ 3                                     BACKGROUND

¶ 4        Defendant was arrested on September 14, 2021, and charged with, *inter alia*, first degree murder (720 ILCS 5/9-1(a)(1) (West 2018)). Following a bond hearing on September 16, 2021, defendant was denied pretrial release and held without bail. On December 4, 2023, defendant filed a petition to grant pretrial release in light of the amendments to article 110 of the Code.

¶ 5        On February 29, 2024, the State filed a verified petition to deny pretrial release, alleging that defendant committed the eligible offense of first degree murder, "poses a real and present threat to the safety of any person or persons or the community," and no combination of conditions could mitigate the threat. See 725 ILCS 5/110-6.1(a)(4) (West 2022)).

¶ 6        A pretrial release hearing was held the same day. According to the State's proffer, on August 1, 2021, defendant's sister informed him, their brother, and their father[1] that she was "a victim of violence from somebody that she had a relationship with" and gave them his address. The same day, the defendants went to the home at that address and threw rocks at the window. When several people exited the home, the defendants began shooting guns at them. One person was struck in the head and stomach and killed. Police arrested all three defendants and recovered 26 shell casings from the area near the defendants' car. One gun was recovered from a co-defendant's backpack which matched some, but not all, of the fired shell casings. The State indicated that multiple "witnesses were able to identify each of these three offenders."

---

[1] Defendant's brother, Nathaniel Butler, Jr., and father, Nathaniel Butler Sr., were charged as co-offenders but are not parties to this appeal.

¶ 7   Defendant was convicted of aggravated unlawful use of a weapon in 2020 and received probation, which he was on at the time of the August 1, 2021, shooting.

¶ 8   The State argued that the proof is evident and the presumption great that defendant committed first degree murder, which is an eligible offense under the Act, and that defendant was a danger to the community "based on the fact that he went over to the place where a witness was staying, trying to take revenge on that witness, and in the process killed a person that was not involved in the original incident that they were even trying to take revenge." The State also argued that no conditions "would protect the community or any witnesses in this case from this defendant" based on defendant's "history with weapons" and "the fact that he was part of a group that shot at a house and killed *** basically a third party to this whole dispute."

¶ 9   Defense counsel argued that the State did not present sufficient proof that defendant committed the shooting because one witness stated that "the two other co-defendants were the shooters." Counsel also argued that defendant "has no violation on his probation" and "there is no indication that he would not appear in court." Counsel added that defendant would be "staying with his mother" and "is not a flight risk in any form or fashion" or "a threat to the safety of any individual or the community.

¶ 10   The trial court found that the "presumption is great" that defendant committed first degree murder, that "defendant poses a real and present threat to the safety of the community, and the community would be at risk of the real and present threat that the defendant poses currently." The trial court denied defendant pretrial release "based on the proffer where 26 shots were fired into a crowd and somebody is deceased as a result of that action." The court also found that "defendant cannot adhere to the terms of the court's orders as evidenced by the fact that he was arrested while he was on probation for a gun case."

¶ 11                                                      ANALYSIS

¶ 12        Defendant argues that the State failed to prove by clear and convincing evidence that the proof was evident or the presumption great that he committed first degree murder; that he posed a real and present threat to the safety of any person or the community; and that no less restrictive conditions could mitigate that threat or ensure defendant's appearance at later hearings.

¶ 13        Pursuant to article 110 of the Code, as amended, "[a]ll defendants shall be presumed eligible for pretrial release" and pretrial release may only be denied in certain statutorily limited situations. 725 ILCS 5/110-6.1(e) (West 2022). After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed a qualifying offense; defendant's pretrial release poses a real and present threat to the safety of any person or the community or that defendant is a flight risk; and that less restrictive conditions would not mitigate the real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022).

¶ 14        We review the trial court's ultimate determination regarding pretrial release for an abuse of discretion (*People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9)), while we review the trial court's factual findings under the manifest weight of the evidence standard (*People v. Rodriguez*, 2023 IL App (3d) 230450, ¶ 8).[2] See also *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only when the court's judgment is fanciful, arbitrary, or unreasonable, or when no reasonable person would agree

_____

[2] There has been considerable disagreement regarding which standard of review applies to pretrial detention orders. See, *e.g.*, *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18 (applying only an abuse of discretion standard); *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 29 (applying exclusively a manifest weight standard); *People v. Sorrentino*, 2024 IL App (1st) 232363, ¶ 34 (reviewing the denial of pretrial release *de novo*, but findings of historical fact for manifest error). Our conclusion would be the same under any of these standards.

with the court's position. *Simmons*, 2019 IL App (1st) 191253, ¶ 9. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 15         Factors that the trial court may consider in making a "dangerousness" determination, *i.e.*, that the defendant poses a real and present threat to any person or the community (725 ILCS 5/110-6.1(g) (West 2022)), include, but are not limited, to (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person or persons whose safety the defendant is believed to pose a threat, and the nature of the threat; (4) any statements made by, or attributed to, the defendant; (5) the age and physical condition of the defendant; (6) the age and physical condition of any victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). 725 ILCS 5/110-6.1(g) (West 2022).

¶ 16         If the trial court finds the State proved a threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure *** the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In making this determination, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of

the defendant;[3] (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). No singular factor is listed as dispositive. *Id.*

¶ 17    In order to reverse a trial court's denial of pretrial release, the reviewing court must conclude that the trial court's findings were against the manifest weight of the evidence. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for clear and convincing evidence requirement by the State in juvenile proceedings). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). We "give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Id.*

¶ 18    Questions concerning whether the trial court properly considered one or more of the aforementioned "dangerousness" factors are reviewed for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15 (the reviewing court will not substitute its judgment for that of the trial court in denying bail merely because it would have balanced the appropriate factors differently). An abuse of discretion occurs when the trial court's decision is " 'arbitrary, fanciful or unreasonable,' or where 'no reasonable person would agree with the position adopted by the trial court.' " *Id.* (quoting *People v. Becker*, 239 Ill. 2d 215, 234 (2010)).

---

[3] The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

¶ 19        Based on our review of the record, the trial court's finding that the State proved by clear and convincing evidence that the proof is evident or the presumption great that the defendant committed first degree murder was not against the manifest weight of the evidence. 725 ILCS 5/110-6.1(a)(4) (West 2022); 725 ILCS 5/110-6.1(e) (1) (West 2022). The "clear and convincing" standard of proof requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *People v. Clay*, 361 Ill. App. 3d 310, 322 (2005). The State's proffer showed that, to exact revenge for his sister, defendant and two co-offenders fired 26 shots into a crowd of people, hitting and killing one. Ballistic evidence indicated that there were multiple shooters and numerous witnesses identified each of the three defendants. The State's proffer was sufficient to show by clear and convincing evidence that defendant committed the charged offense. See 720 ILCS 5/9-1(a) (West 2018).

¶ 20        In determining that defendant posed a real and present threat to the safety of the victim and the community, the trial court properly considered defendant's prior conviction for aggravated unlawful use of a weapon in 2020, his "history with weapons," and the fact that he was on probation for a gun related offense at the time of the shooting. In response to his sister's statement that she had been a victim of violence, defendant and the others fired 26 shots indiscriminately into a crowd of people. The trial court's finding that defendant posed a real and present threat to the safety of the victim and the community was not against the manifest weight of the evidence.

¶ 21        Defendant argues that the State failed to show that there were no conditions to mitigate the real and present threat posed by defendant, or to prevent his flight, because "the defendant lives with his mother and is a life long [*sic*] resident of Chicago." We disagree. At the time of the shooting, defendant was living with his mother and was on probation for a weapons offense. The trial court found that defendant was part of a group that fired 26 shots into a crowd based on a

comment from his sister and that "defendant cannot adhere to the terms of the court's orders as evidenced by the fact that he was arrested while he was on probation for a gun case." Considering defendant's criminal history involving guns, and the severe and violent nature of the offense, the court's findings were reasonable.

¶ 22                                  CONCLUSION

¶ 23        For the foregoing reasons, we affirm the order of the circuit court of Cook County.

¶ 24        Affirmed.