# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Tiffany W.*, 2012 IL App (1st) 102492-B

---

| | |
|---|---|
| Appellate Court Caption | *In re* TIFFANY W., Alleged to be a Person Subject to Involuntary Administration of Psychotropic Medication (The People of the State of Illinois, Petitioner-Appellee, v. Tiffany W., Respondent-Appellant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-2492 |
| Filed | September 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The order for the involuntary administration of psychotropic medication to respondent was reversed where the State failed to comply with the requirement of section 2-102(a-5) of the Mental Health Code that respondent be given written notice of the risks, benefits and alternatives to the proposed treatment. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-COMH-1713R; the Hon. Robert W. Bertucci, Judge, presiding. |
| Judgment | Reversed. |

| Counsel on Appeal | Laurel Spahn and Veronique Baker, both of Guardianship and Advocacy Commission, of Hines, for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |
| | |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion. |
| | Justices Hoffman and Rochford concurred in the judgment and opinion. |

## OPINION

¶ 1     In her original appeal to this court, respondent Tiffany W. challenged the July 29, 2010, order of the circuit court of Cook County, which found her to be a person subject to involuntary administration of psychotropic medication under section 2-107.1 of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/2-107.1 (West 2008)). On appeal, she contended that: (1) the State did not comply with the notice requirements under section 2-102(a-5) of the Mental Health Code (405 ILCS 5/2-102(a-5) (West 2008)); and (2) the State failed to establish the elements necessary to administer medication to a nonconsenting person. In response, the State argued that the appeal was moot because the July 29, 2010, order had expired. We agreed with the State and dismissed the appeal. See *In re Tiffany W.*, 2011 IL App (1st) 102492-U.

¶ 2     On July 17, 2012, our supreme court denied leave to appeal but issued a supervisory order directing this court to vacate our order dismissing the appeal as moot, reinstate the appeal and consider the case on the merits. *In re Tiffany W.*, No. 113839 (Ill. July 17, 2012). In accordance with the supervisory order, we vacate our prior order and address the merits of the issues raised on appeal. The relevant facts are not in dispute.

¶ 3     Respondent Tiffany W. was 39 years old at the time of these proceedings and an Army veteran. She was previously diagnosed with schizophrenia and suffers from delusions and paranoia. She had been hospitalized on numerous occasions, including at least three admissions within the year preceding the hearing. As the result of a fall from a ninth-story window when she was 32 years old, respondent Tiffany W. suffered permanent damage to her brain and spine. She is confined to a wheelchair and suffers from quadraparesis and dysarthria. *Tiffany W.*, 2011 IL App (1st) 102492-U, ¶ 3.

¶ 4     In 2009, respondent Tiffany W. stopped taking her psychotropic medication. Thereafter, her behavior and demeanor diminished, resulting in delusions, including the belief that she is either a man or God, frequent outbursts involving inappropriate and abusive language, and a decreased ability to care for her own hygiene or health. Dr. Sean M. Blitzstein, respondent Tiffany W.'s treating psychiatrist, filed a petition seeking an order for the involuntary administration of psychotropic medication in order to treat respondent Tiffany W.'s illness

and to improve her quality of life. *Tiffany W.*, 2011 IL App (1st) 102492-U, ¶ 4.

¶ 5        At the hearing on the petition, testimony from Larry W., respondent Tiffany W.'s father, and Dr. Blitzstein, her treating psychiatrist, revealed that when respondent Tiffany W. took her psychotropic medication, she was able to live in her own residence with the assistance of caregivers. Without psychotropic medication, she became agitated easily and delusional and generally was unable to care for herself. Dr. Blitzstein opined that respondent Tiffany W. did not have the capacity to decide for herself whether to take or refuse the medication. *Tiffany W.*, 2011 IL App (1st) 102492-U, ¶¶ 3-4.

¶ 6        Following the hearing, the circuit court granted the petition and ordered the administration of psychotropic medication to respondent Tiffany W.

¶ 7                                                    ANALYSIS

¶ 8        On appeal, respondent Tiffany W. contends that the State's failure to comply with the written notice requirement under section 2-102(a-5) of the Mental Health Code requires reversal of the circuit court's order. She further contends that the State failed to establish the elements necessary to administer medication to a nonconsenting person.

¶ 9                                          I. Standards of Review

¶ 10        Whether there was substantial compliance with a statutory provision presents a question of law, which we review *de novo*. *In re Nicholas L.*, 407 Ill. App. 3d 1061, 1072 (2d Dist. 2011). A reviewing court will not reverse a trial court's determination as to the sufficiency of the evidence unless it is against the manifest weight of the evidence. *In re Laura H.*, 404 Ill. App. 3d 286, 290 (4th Dist. 2010). A judgment is against the manifest weight of the evidence only where the opposite conclusion is apparent or where the findings appear to be unreasonable, arbitrary, or not based on the evidence. *Laura H.*, 404 Ill. App. 3d at 290.

¶ 11                                          II. Discussion

¶ 12        We begin by reviewing the pertinent portions of the Mental Health Code. Psychotropic medication may not be administered involuntarily to an adult respondent who is receiving mental health services, unless it has been established by clear and convincing evidence that all of the following factors are present:

        A. The respondent has a serious mental illness.

        B. Because of said mental illness, the respondent currently exhibits: deterioration of his or her ability to function, as compared to the respondent's ability to function prior to the current onset of symptoms of the mental illness for which treatment is presently sought; suffering; or threatening behavior.

        C. The illness has existed for a period marked by the continuing presence of the symptoms set forth above or repeated episodic occurrence of these symptoms.

        D. The benefits of the treatment outweigh the harm.

        E. The recipient lacks the capacity to make a reasoned decision about the treatment.

F. Other less restrictive services have been explored and found inappropriate.

G. Any testing or other procedures for which authorization is sought are essential for the safe and effective administration of the treatment.

See 405 ILCS 5/2-107.1(a-5)(4) (West 2008). "Clear and convincing evidence" is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re John R.*, 339 Ill. App. 3d 778, 781 (5th Dist. 2003). Clear and convincing evidence is considered to be more than a preponderance but less than is required to convict an individual of a criminal offense. *John R.*, 339 Ill. App. 3d at 781.

¶ 13     Before a respondent can make a reasoned decision about medication, he first must be advised as to the risks and benefits of the proposed course of medication. *In re Louis S.*, 361 Ill. App. 3d 774, 780 (4th Dist. 2005). Section 2-102(a-5) of the Mental Health Code provides in pertinent part as follows:

"If the services include the administration of ***psychotropic medication, the physician or the physician's designee shall advise the recipient, in writing, of the side effects, risks, and benefits of the treatment, as well as alternatives to the proposed treatment, to the extent such advice is consistent with the recipient's ability to understand the information communicated." 405 ILCS 5/2-102(a-5) (West 2008).

¶ 14     The requirements of section 2-102(a-5) are to "ensure that a respondent is fully informed, but also 'to ensure that a respondent's due process rights are met and protected.' " *Nicholas L.*, 407 Ill. App. 3d at 1072 (quoting *John R.*, 339 Ill. App. 3d at 784). Strict compliance is necessary for the protection of the respondent's fundamental liberty interest in refusing invasive medication. *Nicholas L.*, 407 Ill. App. 3d at 1072. "Verbal notification is insufficient and the right to receive written notification under section 2-102(a-5) cannot be waived by a respondent." *Nicholas L.*, 407 Ill. App. 3d at 1072; see *John R.*, 339 Ill. App. 3d at 784 (written notification is particularly important where the respondent refuses to discuss the risks and benefits of the medications with his doctor).

¶ 15     The petition stated in pertinent part as follows:

"The patient was provided in writing the risks, benefits and side effects of each of the medications requested, as well as alternatives, by Dr. Rishi Kumar, PGY-2 Psychiatric Resident. This was done on June 11, 2010 and documented in the VA charting system. The patient became agitated, refusing to read or discuss them, but they were left in the patient's room. The patient was again given written information about the risks, benefits, and side effects of each of the medications requested on July 29, 2010, by Dr. Blitzstein."

At the hearing, Dr. Blitzstein was questioned by the assistant State's Attorney as follows:

"Q. Doctor, has the respondent been given written information regarding each of the medications you're seeking including the risks and benefits of each medication?

A. Yes, she has. She has been given it on two occasions. On June 11th by my resident, who was working with me at the time, and also today.

Q. By who?

A. Oh, by me today."

¶ 16      The reference in Dr. Blitzstein's petition to "alternatives" indicates written notification as to alternative medications but not as to any nonmedical treatment options. See *Nicholas L.*, 407 Ill. App. 3d at 1073 (knowledge of alternative medications did not address other medical options or nonmedical treatment alternatives). The State did not call Dr. Kumar to testify, and Dr. Blitzstein only referred to written notification of the risks and benefits of the medication, not written notification of the treatment alternative options, in his testimony. The circuit court did not make a finding that the State had complied with the written notification requirement. We conclude that the State failed to comply with section 2-102(a-5) of the Code.

¶ 17      Case law from other appellate districts holds that the failure to comply with the requirements of section 2-102(a-5) compels reversal of an order for the involuntary administration of psychotropic medication. See *Nicholas L.*, 407 Ill. App. 3d at 1073. In *Laura H.*, the reviewing court determined that the State failed to comply with section 2-102(a-5) where the documents did not address the risks, benefits or alternatives. Because the State failed to present any evidence that the respondent was informed in writing of the risks and benefits of the proposed treatment, as well as alternatives to the proposed treatment, the court held the involuntary treatment order was against the manifest weight of the evidence. *Laura H.*, 404 Ill. App. 3d at 290-91. In *Louis S.*, the State's failure to present evidence that the respondent was informed of the risks and benefits of the proposed medication required reversal of the order. *Louis S.*, 361 Ill. App. 3d at 780 (citing *John R.*, 339 Ill. App. 3d at 783).

¶ 18      This district has not addressed the precise issue raised by respondent Tiffany W., *i.e.*, whether the failure to provide the respondent with written information as to alternative treatment options requires reversal. In *Nicholas L.*, the appellate court noted the absence of cases where an order for the involuntary administration of medication was reversed solely on the basis of the failure to provide written notification of the alternative treatment options to the respondent but concluded that reversal in such cases was required. In reaching that determination, the court was guided by the holding in *John R.*, that "the failure to provide written notice compelled reversal because the 'Code's procedural safeguards are not mere technicalities but essential tools to safeguard [a respondent's] liberty interests.' " *Nicholas L.*, 407 Ill. App. 3d at 1073 (quoting *John R.*, 339 Ill. App. 3d at 785). Because the "law is clear that failure to strictly comply with the [Mental Health] Code's written notification requirements in general compels reversal," the court held that "failure to provide written notification of alternative treatment options compels reversal." *Nicholas L.*, 407 Ill. App. 3d at 1073.

¶ 19      The court in *Nicholas L.* also rejected the State's argument that the respondent was required to prove that he was prejudiced by the failure to comply with the written notification requirements of section 2-102(a-5). The court pointed out that the harmless-error rule did not apply in right-to-written notification cases. *Nicholas L.*, 407 Ill. App. 3d at 1074 (citing *In re A.W.*, 381 Ill. App. 3d 950, 957 (4th Dist. 2008)). However, this district has recognized that the failure to strictly comply with even mandatory provisions of the Mental Health Code can be harmless error. *In re Karen E.*, 407 Ill. App. 3d 800, 812 (2011) (citing *In re Nau*, 153 Ill. 2d 406 (1992)).

¶ 20    In *Nau*, the supreme court determined that a defect in the notice of hearing required by section 3-611 of the Mental Health Code (Ill. Rev. Stat. 1989, ch. 91½, ¶ 3-611) did not warrant reversal. The court determined that the respondent forfeited the error by failing to raise the issue in the trial court. Even if the court had considered the error, the respondent received actual notice of the hearing, which allowed him an opportunity to prepare for and be heard at the hearing, thus satisfying the purposes behind section 3-611. *Nau*, 153 Ill. 2d at 418-19. Likewise, in *Karen E.*, this court found that the failure to provide the verbatim transcript of the proceedings required by section 3-817 of the Mental Health Code (405 ILCS 5/3-817 (West 2008)) caused no prejudice where the parties agreed to a stipulated statement of the facts from the proceeding. *Karen E.*, 407 Ill. App. 3d at 812.

¶ 21    Unlike in *Nau* or *Karen E.*, the purposes behind section 2-102(a-5) were not satisfied in this case. Not only must a respondent be fully informed, but compliance with section 2-102(a-5) is necessary to ensure that a respondent's due process rights are met and protected. *Nicholas L.*, 407 Ill. App. 3d at 1072. Strict compliance with procedural safeguards is required because the respondent's liberty interests are involved. *Louis S.*, 361 Ill. App. 3d at 780. Unlike in *Nau*, the legislative purposes of section 2-102(a-5) were not achieved in this case. Requiring strict compliance with the written notification requirement is a necessity and not merely a formality, in this case. Compare *Nau*, 153 Ill. 2d at 419. Therefore, the error is not forfeited.

¶ 22    Moreover, in light of the second issue raised by respondent Tiffany W., the failure to comply with section 2-102(a-5) is not harmless error because it goes to whether the State proved one of the necessary elements of section 2-107.1(a-5)(4) of the Mental Health Code. In *In re Linda K.*, 407 Ill. App. 3d 1146 (4th Dist. 2011), the reviewing court reversed the order requiring the involuntary administration of medication to the respondent. The court agreed with the respondent that the State failed to prove by clear and convincing evidence that she lacked the capacity to make a reasoned decision about the proposed treatment because she was not provided with the "statutorily mandated written information about the side effects, risks, benefits, and alternatives of the proposed treatment. *Linda K.*, 407 Ill. App. 3d at 1153. Likewise in the present case, absent its compliance with section 2-102(a-5), the State failed to prove by clear and convincing evidence that Tiffany W. lacked the capacity to make a reasoned decision about the proposed treatment. Therefore, the State failed to satisfy all of the necessary elements of section 2-107.1(a-5)(4) of the Mental Health Code.

¶ 23                              CONCLUSION

¶ 24    The State's failure to comply with the written notification requirement of section 2-102(a-5) of the Mental Health Code requires that we reverse the July 29, 2010 order, requiring the involuntary administration of psychotropic medication to respondent Tiffany W.

¶ 25    The judgment of the circuit court is reversed.

¶ 26    Reversed.