2024 IL App (1st) 240294-U

THIRD DIVISION
April 24, 2024

No. 1-24-0294B

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 MC 1114965 |
| | ) | |
| DEJA COLLINS, | ) | Honorable |
| | ) | David Kelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAN TINE delivered the judgment of the court.
Justice D.B. Walker concurred in the judgment.
Presiding Justice Reyes specially concurred.

**ORDER**

¶ 1    ***Held***:  We affirm this matter brought pursuant to the Pretrial Fairness Act (Public Act 101 652 (eff. Jan. 1, 2023)), where the circuit court denied pretrial release to a defendant who, while on probation for multiple offenses, was charged with first degree murder, three counts of attempt (first degree murder), and three counts of aggravated battery with a firearm.

¶ 2    Defendant-appellant Deja Collins has filed a Pretrial Fairness Act (PFA) appeal under

Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) from the circuit court's order entered on

December 9, 2023, which denied her request for pretrial release. The State charged Collins with first degree murder, three counts of attempt (first degree murder), and three counts of aggravated battery with a firearm, predicated upon Collins discharging a firearm in the direction of several people, killing one of them. At the pretrial detention hearing, the circuit court held that the State had met its burden and proved by clear and convincing evidence that Collins is ineligible for pretrial release. Collins appeals. For the following reasons, we affirm.

¶ 3                              BACKGROUND

¶ 4     At the pretrial detention hearing, the State proffered the following. On the evening of November 29, 2023, a fight broke out among several people on a Chicago street. Three eyewitnesses observed Collins without any face coverings at the scene of the fight. According to them, Collins was standing behind Harvey Montgomery when she removed a firearm from her jacket pocket and discharged it toward Montgomery and Brianna Lee. Collins then placed the firearm calmly into her jacket pocket and walked away as everyone scrambled away from the scene. The incident was captured on surveillance video. Another nearby surveillance video shows an individual matching Collins' description walking away from the scene of the fight just minutes later. Officers arrived at the scene to find Montgomery with numerous gunshot wounds to the head and body, Brianna Lee with a deep graze-wound to her head, Brittany Lee with a gunshot wound to the chest, and Matoya Edwards with a gunshot wound to the leg. Montgomery was later pronounced dead; the other three survived.

¶ 5     Based on the foregoing, the State charged Collins with one count of first degree murder, three counts of attempt (first degree murder), and three counts of aggravated battery with a firearm. The State petitioned the circuit court to detain Collins prior to her trial, and the court granted the petition.

¶ 6    Collins appeals.

¶ 7                                    ANALYSIS

¶ 8    On appeal, Collins challenges only the circuit court's determination with respect to the third element of the pretrial detention analysis. That is, she challenges the court's holding that less restrictive conditions would not avoid the real and present threat that Collins poses to the safety of any person or persons or the community. Collins argues that, because the convictions for which she was serving felony probation were based on nonviolent offenses, less restrictive conditions are available.

¶ 9    In considering this appeal, this court has reviewed Collins' notice of appeal and supporting record, which included, among others, the order denying pretrial release and a report of the pretrial release proceeding. Collins elected to stand on her notice of appeal, as allowed by Illinois Supreme Court Rule 604(h)(2) (eff. Dec. 7, 2023), so she did not file a supporting memorandum. Nonetheless, the State did file a response to Collins' notice of appeal, which this court has also reviewed.

¶ 10    We review a circuit court's pretrial detention decision for abuse of discretion. *People v. Wells*, 2024 IL App (1st) 232453, ¶ 16; *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18. A court abuses its discretion where its ruling is "fanciful, arbitrary, or unreasonable, or where no reasonable person would agree with the court's position." *People v. Bradford*, 2023 IL App (1st) 231785, ¶ 33.

¶ 11    Under section 110 of the Code of Civil Procedure, all defendants are presumed to be eligible for pretrial release, unless the State can show, by clear and convincing evidence, that a particular defendant should be denied pretrial release. 725 ILCS 5/110-6.1(e) (West Supp. 2023). Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the

mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. To detain a defendant prior to trial, the State must show, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of the community, and (3) that less restrictive conditions would not avoid that threat. 725 ILCS 5/110-6.1(d), (e) (West Supp. 2023). If the trial court determines that the defendant should be denied pretrial release, the court is required to make written findings summarizing the reasons for denying pretrial release. *Id.* § 110-6.1(h).

¶ 12    As mentioned above, Collins challenges the circuit court's finding on the third element of pretrial detention analysis. In support of its conclusion that less restrictive conditions would not mitigate the threat Collins poses, the circuit court noted that Collins is "currently on probation of agg[ravated] UUW, [manufacture of a] controlled substance, and *** charged with [an] extremely violent offense."

¶ 13    Collins' argument on appeal is that the circuit court erred because it based its decision to detain her on her violation of probation, which, she argues, was improper because the convictions underlying the probation were based on nonviolent offenses. We find this argument disingenuous and unsupported. It is disingenuous because the court noted not only the convictions underlying the probation, but also that the current charge is for an "extremely violent offense." Collins' argument ignores the fact that she faces numerous charges for violent offenses: one count of first degree murder, three counts of attempt (first degree murder), and three counts of aggravated battery with a firearm. Further, she ignores the fact that the incident giving rise to these charges is corroborated by at least two eyewitnesses and multiple surveillance cameras. In short, while the court noted that Collins' probation was predicated on nonviolent offenses, those offenses were not

the sole basis for its decision to detain; the court appropriately considered the violent offenses the State has charged Collins with now, as well as the evidence the State has proffered in support thereof.

¶ 14    Moreover, Collins fails to support her argument, which is based on the premise that a history of nonviolent convictions is irrelevant in the pretrial release analysis. Collins fails to cite any authority for this cursory proposition. Though the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) do not apply to these proceedings, the appellant must still present "coherent argument and analysis supported by proper record citations and legal authorities." (Internal quotations omitted.) *People v. Whitaker*, 2024 IL App (1st) 232009, ¶ 37 (quoting *People v. Inman*, 2023 IL App (4th) 230864, ¶ 12). "Even without the application of Rule 341, we doubt Rule 604(h) now requires the appellate court to act as an advocate or seek error on the appellant's behalf— something heretofore expressly forbidden." *Inman*, 2023 IL App (4th) 230864, ¶ 13. Collins has not supported her argument, and we find no error in the court's consideration of Collins' prior nonviolent convictions.

¶ 15    If anything, the allegations that Collins has violated the terms of her probation by committing and attempting to commit homicide cut *against* the contention that she should be released pending trial. Collins does not specifically address how or why a less restrictive condition, such as electronic monitoring, would be adequate to ensure that she would not commit another offense before trial. The fact that Collins was serving probation for aggravated unlawful possession of a weapon did nothing to deter her from possessing and using a firearm to shoot four people. Noncompliance with probation does not lend any support for allowing a less restrictive condition.

¶ 16    In sum, the circuit court correctly applied the relevant standard and properly granted the State's petition for pretrial detention. We find no basis to warrant a reversal.

¶ 17                                 CONCLUSION

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 19    Affirmed.

¶ 20    REYES, P.J., specially concurring:

¶ 21    I concur in the judgment affirming the trial court's grant of the State's petition for pretrial

detention.