2024 IL App (1st) 240367-U
No. 1-24-0367B
Order filed May 16, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24110765401 |
| | ) | |
| ERIC JONES | ) | The Honorable |
| | ) | Mary Cay Marubio, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. The circuit court did not err by denying defendant pretrial release.

¶ 2    In considering pretrial release, the circuit court considers all information before it. "The rules concerning the admissibility of evidence in criminal trials do not apply" under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. Here, the circuit court carefully and properly considered (i) the search and seizure of Eric Jones, (ii) Jones's

contentions of why the search and seizure were unlawful, and (iii) Jones' apparent violations of his federal probation. We affirm.

¶ 3                                    Background

¶ 4     At a hearing on the State's petition to deny Jones's pretrial release for a charge of unlawfully possessing a firearm, Jones contended that "significant Fourth Amendment issues" from the officers' search and seizure of him "may make it difficult for the State to prove its case down the line." The circuit court denied pretrial release.

¶ 5     The State proffered that two officers stopped and searched Jones after seeing him leaving a gas station "adjusting his right pocket while scanning the area" as if "looking for an avenue of escape." He refused to stop when ordered. So, they "detained" him "against a fence" and patted him down. They found a "loaded" nine-millimeter, semi-automatic gun in his right jacket pocket. He told officers that he recently bought the jacket and was holding the firearm for a friend. He had no license or permit to carry a firearm.

¶ 6     The State detailed Jones' history with the courts. A federal court had issued a bench warrant for his arrest about a year before based on his violating the terms of his federal probation after a conviction for "robbing a banking-type institution by force." (The U.S. Marshals Service informed the State that a detainer had been lodged for Jones.) Jones also had contact with the Illinois courts: a felony conviction for aggravated robbery, a misdemeanor conviction for reckless conduct, and an arrest for theft for which he completed supervision.

¶ 7     Pretrial Services gave Jones a score of four (out of six) on the new-criminal-activity scale and a three (out of six) on the failure-to-appear scale. These scores led to a recommendation of "Pretrial Supervision Level Two" or release.

¶ 8    The State argued for Jones's pretrial detention. The State contended clear and convincing evidence showed (i) the proof was evident or the presumption great that officers found Jones in possession of a weapon the law prohibited him from possessing, (ii) Jones's flouting of that prohibition proved him to be a real and present threat, and (iii) Jones's apparent violation of federal probation proved that no condition short of pretrial detention would mitigate the threat he posed.

¶ 9    In response, Jones did not "argue clear and convincing evidence," but rather "that there [were] significant Fourth Amendment issues *** that may make it difficult for the State to prove its case down the line." Jones disputed that he was a real and present threat, noting the officers had not responded to any investigative alert and he had complied with their demands. Finally, Jones noted he was employed at the gas station where he was arrested and could stay with his mother or fiancée if released on electronic monitoring.

¶ 10    The circuit court found the State carried its burden to prove three elements requiring Jones pretrial detention under the Code.

¶ 11    First, clear and convincing evidence showed the proof was evident or the presumption great that Jones possessed a firearm despite a prohibition arising from a felony conviction. The circuit court noted Jones's "argument as to whether there would be a fruitful motion [to suppress] in the future" and concluded that "for purposes of today, *** the proof is evident that you possessed that weapon, that weapon was recovered from your pocket, it was loaded, and you have a federal conviction and a State conviction."

¶ 12    Second, clear and convincing evidence proved Jones to be a real and present threat. The circuit court noted Jones's criminal history, alleged possession of a firearm as a felon, alleged refusal to stop walking when commanded by arresting officers, probation status, and alleged

accessibility of the firearm. The circuit court stressed that Jones was "not just a convicted felon prohibited from possessing a weapon" but "a convicted felon on federal probation who is AWOL from that federal probation" and, thus, a threat to the community.

¶ 13    Third, clear and convincing evidence proved that no condition or combination of conditions could mitigate Jones's threat to the community. The circuit court noted Jones's apparent ongoing violation of the conditions of his federal probation.

¶ 14    The circuit court ordered Jones detained before trial.

¶ 15                                 Analysis

¶ 16    Jones argues (i) the circuit court "failed to consider" and "properly weigh" the legality of the search and seizure and (ii) the State failed to prove with specific articulable facts that Jones posed a real and present threat. We disagree.

¶ 17    Jones's contentions require us to apply distinct standards of review. His first contention involves the interpretation of the Code, a question of law that we review *de novo*. *People v. Ramirez*, 2023 IL 128123, ¶ 13. His second contention requires a review of the circuit court's finding on the second element, for which the standard of review remains an unsettled question. *People v. White*, 2024 IL App (1st) 232245, ¶ 22 (describing split within appellate court about standard of review). Our decision would be the same under any standard.

¶ 18                     Legality of Search and Seizure

¶ 19    Jones variously attacks the circuit court as having "failed to consider," "failed to properly weigh," and failed to "actually weigh[]" his claim of an unlawful search and seizure. He cites the Code, noting the circuit court now must consider his claim as "relevant in assessing the weight of the evidence against the defendant." 725 ILCS 5/110-6.1(f)(6) (West 2022).

¶ 20    But Jones's claim rests on an assumption not found in the Code: that the court may consider only admissible evidence when ordering defendants detained. On the contrary, the Code broadly directs that "[t]he rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id.* § 110-6.1(f)(5). Jones errs by converting the relevance of a search and seizure claim into a dispositive fact. The circuit court must base its detention decision on all the information before it. Indeed, the Code specifically bars defendants from "mov[ing] to suppress" at this early stage. *Id.* § 110-6.1(f)(6).

¶ 21    We rejected a similar claim in *Wright*. The defendant contended we should "disregard portions of the [State's] proffer [as] inadmissible" under a marital privilege and review "the remainder of the proffer to determine whether such evidence would be sufficient to sustain a conviction." *People v. Wright*, 2024 IL App (4th) 240187, ¶ 31. We rejected that claim as inconsistent with the Code. *Wright*, 2024 IL App (4th) 240187, ¶ 32. "Contrary to what defendant argue[d], the weight of the admissible evidence against him [was] merely one part of the calculation, not a prerequisite for detention." *Id.* ¶ 33.

¶ 22    Here, the record reflects the circuit court carefully considered all the information before it, including the search and seizure of Jones and his contentions that the search and seizure was unlawful. The Code does not require the circuit court to give greater or dispositive weight to Jones' claims under the Fourth Amendment. The circuit court followed the Code.

¶ 23                                Real and Present Threat

¶ 24    Jones next claims that his "possession of a firearm alone does not make [him] a real and present threat to the community." Jones attacks a finding not entered.

¶ 25    Generally, the State may detain an accused only by charging an offense eligible for detention and showing: (i) the proof evident or the presumption great that the defendant committed the detention-eligible offense, (ii) the defendant poses a real and present threat to the safety of persons or the community based on the specific articulable facts of the case, and (iii) no condition or combination of conditions can mitigate that real and present threat. 725 ILCS 5/110-6.1(e) (West 2022). The State must present clear and convincing evidence; a "quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." (Internal quotation marks omitted.) *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12.

¶ 26    Jones claims that his "possession of a firearm alone does not make [him] a real and present threat to the community." But the circuit court found Jones a real and present threat given far more evidence, noting his criminal history, alleged possession of a firearm as a felon, alleged refusal to stop walking when commanded by arresting officers, probation status, and alleged accessibility of the firearm. The circuit court stressed that Jones was "not just a convicted felon prohibited from possessing a weapon" but rather "a convicted felon on federal probation who is AWOL from that federal probation."

¶ 27    In denying pretrial release, the circuit court considered all information before it, including what could or might be inadmissible at trial, and made specific and detailed findings that satisfy the Pretrial Fairness Act's requirements.

¶ 28    Affirmed.