2024 IL App (1st) 240517-U

No. 1-24-0517B

Order filed May 23, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 24 CR 00687 |
| | ) | |
| JOHNATHAN STOZEK, | ) | Honorable |
| | ) | Joseph Cataldo, |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. State proved by clear and convincing evidence that no set of conditions could mitigate the threat defendant posed to an identifiable individual, his mother, following defendant's second arrest for domestic battery.

¶ 2    Defendant Johnathan Stozek was arrested and charged with vehicular hijacking, robbery, and felony domestic battery. See, respectively, 720 ILCS 5/18-3(a) (West 2022); *id*. § 18-1(a); *id*. § 12-3.2(a)(1). The trial court detained defendant, finding him to be a threat to the complainant—his mother—and determining that no set of conditions could prevent the threat posed to his mother. Defendant appeals under Illinois Supreme Court Rule 604(h) (eff. April 15, 2024), providing for appeals of pretrial detention orders. We find no error and affirm.

¶ 3 The charges stem from an incident on November 21, 2023, when defendant allegedly struck his mother multiple times, took the lanyard containing her house keys and car keys, and stole her vehicle. Defendant has a previous conviction for domestic battery that also involved his mother.

¶ 4 Defendant was indicted on January 17, 2024. The court issued a no-bail warrant for defendant's arrest on February 5. Defendant was arrested on February 29 and first appeared before the court on March 2. On March 6, the State petitioned for pretrial detention and an order of protection. The court held a hearing that same day. The State proffered the following facts.

¶ 5 The complainant is defendant's 47-year-old mother. On November 21, 2023, around 6:00 a.m., she was in the lobby of her residential building in Schaumburg, Illinois, about to walk her dog, when she saw defendant standing there. Defendant did not live at that address, and she knew of no reason why he would be there. Defendant asked her if he could stay at her residence; she said no and asked him to leave. She left the building to walk her dog.

¶ 6 Defendant approached his mother as she returned to the building after walking her dog. She told him again to leave. Defendant struck her about the head and face multiple times with his fists and then struck her several more times as she lay on the ground. Defendant pulled his mother's jacket over her head, making it difficult for her to defend herself or even breathe. Defendant removed the lanyard from around his mother's neck; the lanyard contained her car and house keys. When the complainant got to her feet, defendant slammed her head against a parked car. He then got into her nearby vehicle and drove it away. The complainant was treated on the scene by paramedics for bruising, lacerations, and bleeding to her face and head.

¶ 7 The next day, officers with the Glendale Heights Police Department found defendant in the driver's seat of his mother's vehicle. They ordered defendant out of the vehicle, but he said

"No" and drove away. The officers pursued defendant and tried to stop the vehicle. Ultimately, defendant fled on foot; he was taken into custody after a brief foot pursuit.

¶ 8    Defendant was charged in DuPage County with aggravated possession of a stolen motor vehicle, fleeing and eluding, and driving on a suspended or revoked license. Defendant was currently on second-chance probation for a conviction for possession of a stolen motor vehicle, also involving his mother's vehicle, out of DuPage County. (The DuPage case is not before us directly, though it obviously forms part of defendant's history.)

¶ 9    Defendant has three prior misdemeanor convictions: possession of a fictitious license in 2023; domestic battery in 2023 (likewise involving his mother as the victim); and a DUI from DuPage County in 2020.

¶ 10    In the earlier domestic-battery case, defendant's mother refused to let defendant use her vehicle, and defendant struck her in the face to the point of unconsciousness. The mother suffered a concussion and broken nose.

¶ 11    The State concluded by seeking a protective order as well as pretrial detention. We are concerned here only with the detention order.

¶ 12    In response, defense counsel first argued that defendant was not a threat to his mother, as the incident occurred back in November 2023, and he had not committed any further acts of violence against his mother or anyone else between that time and late February 2024, when he was taken into custody. Defense counsel also claimed that G.P.S. or electronic monitoring would be sufficient remedies to mitigate any potential threat defendant might pose.

¶ 13    The circuit court ordered defendant detained. As this appeal is limited to the circuit court's findings regarding the adequacy of potential pretrial conditions, we limit our discussion accordingly. In its written order, the court found that pretrial conditions of release were

insufficient because "[d]efendant has multiple violent incidents involving the same victim, showing up at her home without permission." In its oral ruling, the court elaborated on the question of conditions:

"This [victim] was his mother who[m] he obviously knows where she resides, went to the place where she resides. He was told to leave and that he was not welcome. When she returned from walking her dog he struck her multiple times with fists, knocking her down, continued to hit her when she was on the ground, her coat over her head making it difficult to breathe, pulled her keys off her neck, shoved her head into a car, stole that car. This was not the first time. There was a prior, also in '23, domestic battery with the same victim. There's a history there. I find him to be a threat – or for him to be a threat to her. Certainly the argument about since November, well, there's been an arrest warrant in the matter, so the argument could be counteracted with the fact that he was trying to avoid any arrest for the matter. Obviously, he knew what he did, and then when he was caught in the car he told the police, no, he's not getting out of the car and took off in the vehicle and also fled on foot. I don't believe there's conditions or combination of conditions that can mitigate the real and present threat posed by the defendant. Electronic home monitoring, G.P.S., may be some kind of proof at a later date that he went to that location or there may be some kind of signal, but it may be too late in these circumstances, again, when he knows exactly where to find the complaining witness. I don't believe there's any less restrictive conditions to avoid the real and present threat posed by the defendant, so I will remand the defendant to the custody of the Cook County Sheriff pending trial."

¶ 14    After defendant became disruptive, threatening lawsuits against the court and prosecutors, and ultimately uttering a profanity, he was removed from the courtroom.

¶ 15    On March 8, 2024, defendant filed a timely notice of appeal. Appellate counsel has opted not to file a supporting memorandum.

¶ 16    Defendants are presumed eligible for pretrial release. 725 ILCS 5/110-2(a) (West 2022); *id*. § 110-6.1(e). The State may detain an accused only if it establishes that the charged offense is eligible for detention and proves that (1) the proof is evident or the presumption great that the defendant committed that detention-eligible offense; (2) the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or the defendant poses a threat of willful flight; and (3) no condition or combination of conditions can mitigate that real and present threat or flight risk. *Id*. § 110-6.1(e).

¶ 17    The State must prove each of these three facts by clear and convincing evidence. *Id*. Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the factfinder about the truth of the proposition in question." *In re Tiffany W*., 2012 IL App (1st) 102492-B, ¶ 12. If the State fails to carry its burden on any of these three facts, the presumption of release remains, and detention is unlawful. 725 ILCS 5/110-6.1(e) (West 2022).

¶ 18    Our standard of review is unsettled. The author of this opinion is of the belief that detention orders should be subject to independent *de novo* review, with findings of historical fact reviewed for manifest error. See *People v. Whitaker*, 2024 IL App (1st) 232009, ¶ 80 (Ellis, J., specially concurring); *People v. Saucedo*, 2024 IL App (1st) 232020, ¶ 67 (Ellis, J., specially concurring). The other panel justices believe that the first two factual findings—those of proof-evident and dangerousness or flight risk—should be reviewed for manifest error, while the third factual finding regarding conditions should be reviewed for an abuse of discretion. See *Saucedo*,

2024 IL App (1st) 232020, ¶¶ 31-36 (majority opinion); *People v. Parker*, 2024 IL App (1st) 232164, ¶¶ 44-50.

¶ 19    We need not resolve the standard of review here, however, as our decision would be the same under any standard of review.

¶ 20    There is no dispute that defendant is charged with detainable offenses. Nor does defendant, on appeal, challenge the first two prerequisites for pretrial detention—that the proof is evident that a detainable offense was committed or that defendant poses a risk to an identifiable individual, namely his mother. So we need not discuss those factors further.

¶ 21    Defendant focuses only on the third prong—that no set of conditions could mitigate the threat defendant poses to his mother. This is defendant's entire argument, taken from his notice of appeal:

"The Defendant was alleged to have committed crimes against the complaining witness on 11/21/2023 and was only arrested for these allegations on 2/29/2024. The complaining witness is the Defendant's mother. In the time between 11/21/2023 and 2/29/2024 there was [*sic*] no allegations that the Defendant presented any threat to her safety, without any court involvement. The Defendant has not made contact with the complaining witness in any manner and has presented no risk to her in the months in between, without any conditions set by the court. However, even if the Court still believes the Defendant may pose a risk, the Court failed to consider other conditions or combination of conditions that would reasonably ensure Defendant's appearance for future dates or prevent him from being charged with a subsequent felony or Class A misdemeanor. Electronic monitoring, home confinement, GPS monitoring with curfew (or without) and the court

ordered order of protection, are all conditions that would ensure the Defendant would not be tempted to go near the complaining witness and/or commit any future crimes."

¶ 22 We may consider the circuit court's written order and its oral ruling, once reduced to transcript, together. *People v. Vance*, 2024 IL App (1st) 232503, ¶¶ 29-32. We agree with the circuit court that the absence of any attacks by defendant against his mother, from the time of the November 2023 incident at issue here until his arrest in late February 2024, is hardly reassuring. Defendant has been convicted of one and charged with another extremely violent attack on his mother within a single year. And as the circuit court noted, defendant surely had to know, or at least strongly suspect, that the authorities would be pursuing him after the November 2023 attack. Another encounter with his mother would be ill-advised for anyone wishing to avoid police scrutiny. Likewise, given that defendant has a history of visiting his mother without permission, it is unlikely that electronic or GPS monitoring would suddenly compel him into compliance under the circumstances. It might help law enforcement prove his guilt afterward, but that would come too late for defendant's mother.

¶ 23 We uphold the circuit court's finding that no set of conditions could mitigate the threat posed by defendant to a specific individual, namely his mother.

¶ 24 The judgment of the circuit court is affirmed.

¶ 25 Affirmed.