2024 IL App (1st) 240837-U
No. 1-24-0837B
Order filed July 18, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24110195701 |
| | ) | |
| SAMMIE M. DANIELS | ) | The Honorable |
| | ) | Maryam Ahmad, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. The record supports the trial court's denial of pretrial release.

¶ 2    Context shapes how we see and understand facts. That Sammie Daniels had felony convictions while armed did not, alone, prove him a "real and present threat" to others under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. What did, however, were his early-morning choices to load the gun and drink liquor while blaring

music from the driver's seat of a car. We affirm because the facts alleged in this context support the denial of pretrial release.

¶ 3                                Background

¶ 4     The State petitioned to detain Sammie Daniels before trial (725 ILCS 5/110-6.1(a)(6)(O) (West 2022)), having charged him with several offenses, including aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(2) (West 2022)).

¶ 5     At a hearing, the State proffered how officers investigating a "noise disturbance" around 4:00 a.m. saw a black car playing "loud music" in front of a home. Sammie Daniels was in the driver's seat, holding a cup of liquor. At their command, he got out, reached for an ID, and exposed an apparent gun at his waist. The officers patted him down and found a semiautomatic firearm with live rounds in the magazine and chamber.

¶ 6     Daniels proffered that he is 39 years old, a lifelong Cook County resident, and the father of four children, one of whom he primarily raises. He works full-time as a dispatcher for a trucking company and has lived with a sibling at his current address for six years.

¶ 7     Pretrial Services calculated Daniels' "new criminal activity" and "failure to appear" scores as threes (out of sixes) and recommended pretrial supervision, not detention. Daniels' criminal history included convictions for conspiracy to commit murder (around age 18) and obstruction of justice (around age 30). He last completed mandatory supervised release five years ago.

¶ 8     The trial court found the State carried its burden to prove Daniels should be detained as a real and present threat to the community. First, the proof was evident or presumption great that Daniels committed the detainable offense of aggravated unlawful use of a weapon. The proffer showed Daniels had felony convictions yet possessed a loaded firearm at his waist while drinking

in the driver's seat of a car reported for noise. Second, Daniels was a real and present threat, given the way he carried the gun that morning—"un-cased, loaded, and immediately accessible." Finally, no condition short of pretrial detention would suffice, given Daniels' proven access to firearms and his knowing possession despite laws barring him from doing so.

¶ 9    Daniels raises two challenges to the trial court's finding that he presented a real and present threat to the community.

¶ 10                                        Analysis

¶ 11    Daniels seeks pretrial release with conditions, raising related claims: (i) the State failed to proffer specific and articulable facts showing that he is a real and present threat to the safety of the community, and (ii) the trial court "failed to make an individual assessment" of the alleged threat that he poses. We disagree.

¶ 12    Generally, the State may seek to detain someone by charging an offense eligible for detention and then proving three elements. First, the proof is evident or the presumption great that the defendant committed the detention-eligible offense. Second, the defendant poses a real and present threat to the safety of the community based on the specific articulable facts. Third, no condition or combination of conditions can mitigate that real and present threat. 725 ILCS 5/110-6.1(e) (West 2022).

¶ 13    Of these elements, Daniels contends the State and trial court conflated the first (proof of his nonviolent offense) with the second (proof of his real and present threat). In his view, the State proffered that he only "was in possession of a weapon while * * * previously *** convicted of a felony." Likewise, the trial court found he "was both a convicted felon[] and in possession of a

weapon." He contends "this matter is more akin to simple gun possession," and thus, this court should order his release with conditions.

¶ 14    Several standards guide our analysis. To begin, the State must present clear and convincing evidence: a "quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." (Internal quotation marks omitted.) *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. Aside from the State's burden, we review the trial court's order under a bifurcated standard of review. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. But see *People v. Morgan*, 2024 IL App (4th) 240103, ¶¶ 12-35, (canvassing appellate court split on standard of review), *appeal allowed*, No. 130626, 2024 WL 2978293 (Ill. Jun. 11, 2024). We reverse findings against the manifest weight of the evidence and review the trial court's ultimate decision for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 15    We reject Daniels' contentions as ignoring pertinent parts of the record—the context shaping the facts of his gun possession. Daniels' analysis fails to acknowledge the proffered facts describing (i) the manner of his firearm possession and (ii) the lead-up to the officers' search and seizure.

¶ 16    The State carried its burden of proof. *Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. Liquor, a loaded gun, and a steering wheel are a menacing mix—a real and present threat—even before one adds in the law's prohibition on Daniels possessing a firearm. See, *e.g.*, *People v. Davis*, 205 Ill. App. 3d 431, 437 (1990) (describing purpose of drunk-driving statutes as "keeping intoxicated drivers out of their vehicles"); *People v. Brooks*, 2022 IL App (3d) 190761, ¶ 16 (observing, AUUW and UUW statutes were enacted for same purpose of protecting police and public from dangerous weapons).

¶ 17 For similar reasons, we reject Daniels' contention that the trial court's "logic" was somehow flawed. Of course, bare allegations about the crime are relevant but insufficient to satisfy proof that Daniels presented a real and present threat. *People v. Stock*, 2023 IL App (1st) 231753, ¶¶ 17-18. The trial court properly focused on the way Daniels carried the firearm—"un-cased, loaded, and immediately accessible"—and noted how the gun was at his waist. Doing so cohered with the manifest of the evidence, and ordering Daniels detained was no abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 18                                    Conclusion

¶ 19 The context of Daniels' alleged offense proved him to be a real and present threat to the community.

¶ 20 Affirmed.