2025 IL App (1st) 250407-U

Nos. 1-25-0407B and 1-25-0408B (cons.)

Order filed July 18, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 24 CR 5069 |
| | ) | 24 CR 5686 |
| OSCAR GRISSETTE, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Steven G. Watkins, |
| | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Reyes and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The judgment of the trial court granting the State's petitions for pretrial detention and subsequently denying defendant's Rule 604(h) motions for relief is affirmed.

¶ 2    Defendant Oscar Grissette is charged with aggravated robbery in case number 24 CR 05069 and aggravated robbery in case number 24 CR 05686. In 24 CR 05069, the State filed a petition to detain defendant. Following a hearing, the trial court ordered defendant detained pending trial. In 24 CR 05686, the State filed a petition for pretrial detention and defendant agreed to his detention.

On January 8, 2025, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) in both cases. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Those motions, both challenging defendant's detention orders, were heard jointly on January 22, 2025, and were subsequently denied.

¶ 3    On May 15, 2025, we consolidated these cases for the purposes of review because they concern two detention hearings for the same defendant, similar factual occurrences, and motions for relief that put forth identical arguments. Defendant now argues on appeal that the State failed to meet its burden of proof to justify his pretrial detention in both cases.

¶ 4    For the reasons that follow, we affirm the judgment of the trial court.

¶ 5                                    I. BACKGROUND

¶ 6                                A. Case No. 24 CR 05069

¶ 7    On April 21, 2024, the State filed a petition for pretrial detention alleging that defendant committed the offense of aggravated robbery, that defendant posed a threat to any person or the community, and that no conditions of pretrial release could mitigate the threat that defendant posed.

¶ 8    The same day, the trial court held a hearing on the State's petition and both parties provided proffers. The State proffered that on April 20, 2024, defendant entered a Verizon store at 1:35 p.m. in Chicago, Illinois, and asked the employee working to identify the location of the cash drawer. Defendant reached into his waistband and removed an object, gesturing as though it was a firearm. The employee removed approximately $150 from the cash register and gave it to defendant, who fled. The employee called 911, and responding officers searched the area for an individual matching the description given by the employee. Approximately an hour later, officers located

defendant, who matched the given description, and the employee identified defendant as the perpetrator in a show up. A search of defendant yielded the proceeds of the offense and a nozzle for a hose. Finally, the State proffered that surveillance footage showed that the perpetrator was wearing the same clothes as those defendant was wearing when he was arrested.

¶ 9 As for defendant's criminal history, the State proffered that defendant has eight prior felony convictions including two convictions for possession of a stolen motor vehicle, three convictions for aggravated robbery, and convictions for attempt robbery, theft, and first degree murder. Defendant was on mandatory supervised release (MSR) for a 2021 aggravated robbery conviction at the time of the instant offense.

¶ 10 Pretrial Services gave defendant a score of "4" on the new criminal activity scale and a score of "2" on the failure to appear scale. It recommended level three supervision.

¶ 11 Defendant proffered that he was 51 years old and had a residence for electronic monitoring. Defendant had his GED and an OSHA certificate, and spent his free time providing home healthcare and participating in the Precious Blood Ministry. Defense counsel pointed out the unduly suggestive nature of show ups and that no physical description of the perpetrator was given other than the fact that he was a black male wearing specific clothing.

¶ 12 The trial court found that the State met its burden of proof by clear and convincing evidence on all elements and ordered defendant detained pending trial.

¶ 13 B. Case No. 24 CR 05686

¶ 14 On July 1, 2024, the State filed a petition for pretrial detention, alleging that defendant committed the offense of aggravated robbery, that defendant posed a threat to any person or the

community, and that no conditions of pretrial release could mitigate that threat. Defense counsel stated that, given defendant's detention status in 24 CR 05069, he agreed to defendant's detention.

¶ 15    The State proffered that on April 17, 2024, defendant entered a MetroPCS store, acted as though he intended to purchase something, and then placed his hand inside the pocket of his sweatshirt to indicate to an employee that he had a weapon. Defendant demanded that the employee show him the location of the cash register, and defendant stole $436. The employee provided a description of defendant, and investigating officers were able to recover surveillance footage of the incident. Detectives investigating the case were aware of a pattern of similar robberies, and they were alerted to defendant's April 20, 2024, arrest for a similar crime. On May 4, 2024, the employee identified defendant in a photo array. The State also proffered that defendant was in the custody of the Illinois Department of Corrections (IDOC), and that he was on MSR for aggravated robbery at the time of the offense.

¶ 16    The trial court found that the State proved by clear and convincing evidence the requisite detention elements and ordered defendant detained pretrial.

¶ 17                              C. Motion for Relief

¶ 18    On January 8, 2025, defendant filed a motion for relief in both cases, and each motion claimed that the State failed to prove by clear and convincing evidence that (1) defendant poses a threat to any person or the community; and (2) less restrictive means would not mitigate the threat defendant poses. Both motions claimed that electronic monitoring, a curfew, and GPS monitoring would be adequate to ensure the safety of the community. The trial court denied both motions.

¶ 19    Defendant filed notices of appeal on February 21, 2025, and filed his memorandum on June 13, 2025.[1] The State filed its response on June 27, 2025.

¶ 20                                    II. ANALYSIS

¶ 21    On appeal, defendant argues that the trial court erred in ordering defendant's detention in both cases because the State failed to prove by clear and convincing evidence that no condition or conditions of release could mitigate the risk to any person or the community. He does not contest whether the State proved that proof was evident or the presumption was great that defendant committed a detainable offense, or that defendant poses a threat to any person or the community. Accordingly, we confine our analysis to this single element of detention.

¶ 22    The Code establishes that all defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2024). The presumption of eligibility for release is overcome only if the State can prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case; and (3) no condition or combination of conditions set forth in section 110-10 of the Code can mitigate that threat. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2024). Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.*, 2012 IL App (1st) 102492-B,

---

[1]Supreme Court Rule 604(h)(8) specifies that, except for good cause shown, the time between the filing of a notice of appeal and disposition shall not exceed 100 days. Ill. S. Ct. R. 604(h)(8) (eff. Apr. 15, 2024). Thus, ordinarily, our disposition would have been due on June 2, 2025. However, during the pendency of this appeal, defendant sought and was granted two 21-day extensions of time, making his memorandum due on June 9, 2025. On June 10, 2025, defendant sought leave to file his memorandum instanter, and that motion was granted on June 13, 2025. Accordingly, we find good cause for issuing our disposition after the 100-day deadline.

¶ 12. We review the sufficiency of proffered evidence at a pretrial detention hearing *de novo*, affording no deference to the trial court. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 23     Regarding the trial court's order in 24 CR 05069, we find that the proffered evidence was sufficient to show that no condition or conditions of release could mitigate the threat posed by defendant. In the instant cases, defendant was charged with two separate instances of aggravated robbery which, even if they did not involve an actual weapon, involved defendant pantomiming the presence of a threatening weapon. Additionally, defendant has a lengthy history of noncompliance with the law. He has eight felony convictions, including a conviction for first degree murder and three prior convictions for the same offenses with which he is now charged. Moreover, defendant was on MSR for aggravated robbery when he allegedly committed the instant offenses. If the strictures of MSR, as well as the possible penalties for violating MSR, and numerous criminal sanctions were not sufficient to prevent defendant from committing additional crimes and putting members of the community at risk, conditions of pretrial release would not suffice, either.

¶ 24     As for case number 24 CR 05686, we also agree that the proffered evidence was sufficient to show that that no condition or conditions of release could mitigate the threat posed by defendant. Defendant compares this case to *People v. Stock*, 2023 IL App (1st) 231753, ¶¶ 17, 19, where we noted that the State made conclusory arguments that no conditions of release could mitigate the threat posed by defendant, and where the State's factual proffer likewise failed to establish the same. But unlike *Stock*, the State's petition for pretrial detention here was predicated on more than the basic facts that made up the offense with which the defendant was charged. *Id*. ¶¶ 18-19.

¶ 25    Even though the State's proffer did not contain the same recitation of defendant's criminal history as in 24 CR 05069, it did mention that defendant was on MSR at the time that he allegedly committed both of the aggravated robberies at issue. Moreover, as noted above, his MSR stemmed from a conviction for the same exact offense. The limitations of MSR and the threat of reincarceration in an IDOC facility did not deter defendant from allegedly committing multiple additional offenses. There is no reason to believe that any conditions of pretrial release would succeed where the confines of MSR, and the consequences for violating it, did not.

¶ 26    Defendant's consolidated cases and criminal history suggest that lesser restraints upon his freedom will not deter him from committing additional criminal offenses. Thus, the only way to mitigate the threat he poses is with pretrial detention. Accordingly, the judgment of the trial court in both cases is affirmed.

¶ 27                              III. CONCLUSION

¶ 28    The trial court did not err in granting the State's petitions for pretrial detention or denying defendant's motions for relief. For the foregoing reasons, we affirm the judgment of the trial court.

¶ 29    Affirmed.