2026 IL App (1st) 260490-U

No. 1-26-0490B

Third Division
June 10, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 26 CR 0060801 |
| v. | ) ) | The Honorable |
| JOSHUA HILL, | ) ) | Charles P. Burns, Judge Presiding. |
| Defendant-Appellant. | ) ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1     *Held:* The circuit court's order finding that defendant's continued pretrial detention was necessary is affirmed, where the proffered evidence established that defendant continued to pose a real and present threat to the safety of the community and no pretrial conditions could mitigate that risk.

¶ 2     Defendant Joshua Hill appeals from the circuit court's order finding his continued pretrial detention necessary, pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2024)), as amended by Public Acts 101-652 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). On appeal, defendant

contends that the State failed to establish any of the requirements for pretrial detention. For the reasons that follow, we affirm the circuit court's order.

¶ 3                                    BACKGROUND

¶ 4        On December 25, 2025, defendant was arrested and subsequently charged by indictment with three counts of aggravated unlawful possession of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3) (West 2024)). The State filed a petition for pretrial detention, alleging that (1) the proof was evident or the presumption was great that defendant had committed a detainable offense, (2) defendant posed a real and present threat to the safety of any person or persons or the community, and (3) no condition or combination of conditions could mitigate those risks.

¶ 5        On December 27, 2025, the parties appeared before the circuit court for a hearing on the State's petition. At the beginning of the hearing, the circuit court observed that defendant had a pending case for unlawful possession of credit cards and burglary, for which there was a pending warrant for failure to appear. The circuit court indicated that the warrant would be executed, and that defendant would be detained under the warrant.

¶ 6        With respect to the instant case, the State's proffer established that, at 11:30 a.m. on December 25, 2025, officers received a call concerning a home invasion at a residence located on the border of Burbank and Chicago. When Chicago police arrived, they discovered Burbank police already on the scene and defendant under arrest. Prior to the arrival of the Chicago police, the alleged victim[1] reported to Burbank police that defendant came to his home, yelled at him, pulled out a firearm, and indicated that defendant would kill him. The victim yelled at

---

[1] The State explained that the facts were proffered "with a grain of salt," as after the initial contact with police, the alleged victim had not cooperated with further attempts of the police to contact him concerning the investigation. As a result, defendant was not charged in connection with the alleged home invasion.

defendant, who fled, and the victim followed him on foot and called 911. Burbank police arrested defendant at a nearby gas station, and a loaded Smith and Wesson revolver was discovered on defendant's person. Defendant did not possess a Firearm Owners Identification (FOID) card or a concealed carry license (CCL).

¶ 7    In addition to the proffer as to the events of December 25, the State set forth the details of defendant's prior criminal history which, as noted, consisted of the pending case for burglary and unlawful possession of credit cards. The State indicated that defendant had been arrested for those offenses on December 5, and had been cited and released, but failed to appear for his court date.

¶ 8    Defendant's pretrial services public safety assessment returned a score of four (of six) on the "new criminal activity" scale and a two (of six) on the "failure to appear" scale and recommended supervision at "Level 1."

¶ 9    In response, defense counsel pointed to the fact that the State had not been able to speak to the complaining witness, so "I don't honestly know what to make of this case," as "the whole thing seems a little bit just odd." Counsel further suggested that there were pretrial release conditions which would be available, such as house arrest, as defendant was a 21-year-old high school graduate who was employed full time as a painter.

¶ 10    After considering the parties' arguments, the circuit court entered an order granting the State's petition for pretrial detention. The circuit court found that the State had shown, by clear and convincing evidence, that the proof was evident or the presumption was great that defendant had committed a detainable offense under section 110-6.1(a) of the Code, namely, aggravated unlawful possession of a weapon, and that defendant posed a real and present threat to the safety of the community which could not be mitigated by conditions short of pretrial

detention. The circuit court noted that police were called by the alleged victim to report an attempted home invasion, during which defendant threatened the victim with a firearm. When Burbank police encountered defendant, he had the firearm on his person, leading to the instant charges of aggravated unlawful possession of a weapon. The circuit court recognized that the police had been unable to reach the victim for further investigation, noting that "that could be because of Christmas; it could be because the victim didn't want to proceed. But we will see as the case progresses."

¶ 11    The circuit court further noted that defendant had only recently been released on his other charges, "[a]nd not only did you break your promise in terms of not showing up to Court when you were suppose[d] to, but the other promise was you wouldn't pick up any new cases and now you're threatening to kill another human being with a gun and you are caught with that gun moments later." The circuit court found that "it does seem odd that somebody that was given pretrial release would then threaten to kill another person and have that loaded gun on them." The circuit court accordingly found that the State had satisfied its burden in establishing by clear and convincing evidence that defendant committed a detention-eligible offense.

¶ 12    The circuit court further found that defendant posed a real and present threat to the safety of another or to the community, finding that "you certainly pose a real and present threat to the victim in this case." The circuit court further observed that defendant "[c]learly" had access to illegal firearms, as he not only possessed a firearm in public but "brandish[ed] it and threatened to kill somebody with it." The circuit court also found that there were no conditions which could mitigate the risk defendant posed, as electronic monitoring "monitors location. It does not monitor behavior." The circuit court noted that electronic monitoring was reserved for people who demonstrate nonviolence and an ability to adhere to strict conditions, and "[y]ou're

4

neither." As such, the circuit court ordered defendant to be detained and remanded to the custody of the Cook County sheriff pending trial.

¶ 13    On February 5, 2026, defendant filed a petition for pretrial release, contending that his continued detention was unnecessary, and the parties came before the circuit court[2] for a hearing on defendant's motion on the same day. Prior to addressing defendant's continued detention, defense counsel contended that "I don't believe that there was sufficient argument in relation to the prong one analysis by the attorney that did the detention hearing," and argued that the State had failed to establish that defendant committed the charged offense. Defense counsel also argued that there were pretrial conditions available which would mitigate any risk he posed.

¶ 14    After considering the parties' arguments, the circuit court entered an order denying defendant's petition for pretrial release. The circuit court agreed with the reasoning in the initial detention hearing, finding that the State had established that defendant committed the charged offense. While it acknowledged that "[t]here are some factors that led to the defendant's arrest that may or may not be presented at trial," defendant was, in fact, found with a loaded firearm on his person without either a FOID card or CCL. The circuit court further agreed with the prior reasoning concerning defendant's dangerousness, noting that it was entitled to consider the facts leading to defendant's arrest and the fact that defendant was on pretrial release at the time he committed the instant offense. Finally, the circuit court agreed with the prior reasoning concerning pretrial conditions, finding that no such conditions could mitigate the threat posed by defendant, and observing that "[t]his defendant was on the least amount of restriction on

---

[2] We note that the judge who heard the motion was not the same judge who entered the initial pretrial detention order.

the burglary case" and still chose not to appear in court in that case. The circuit court accordingly ordered defendant's continued detention.

¶ 15        On March 4, 2026, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h) (Apr. 15, 2024), requesting that the circuit court "review its February 5, 2026 decision denying [defendant's] Petition for Pretrial Release." Defendant contended that the circuit court's finding that his continued detention was necessary warranted reconsideration. Defendant's motion for relief was denied the same day, and this appeal follows.

¶ 16                                ANALYSIS

¶ 17        On appeal, defendant contends that the State failed to establish any of the requirements for pretrial detention. The Act provides that a defendant may be denied pretrial release if the State proves by clear and convincing evidence that (1) the proof is evident or the presumption is great that the defendant has committed a qualifying detainable offense, (2) the defendant poses a real and present threat to the safety of any person or persons or of the community, and (3) no condition or combination of conditions can mitigate the threat to the safety of any person or persons or of the community. 725 ILCS 5/110-6.1(e) (West 2024). In addition, once a defendant has been detained pursuant to section 110-6.1(e), the Act requires that, "[a]t each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(i-5).

¶ 18        Our supreme court has instructed that, with respect to an initial detention hearing, where the parties proceed solely by proffer, "the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review" of the

evidence. *People v. Morgan*, 2025 IL 130626, ¶ 54. Some courts have also applied the supreme court's reasoning to continued detention hearings conducted by proffer, reviewing the circuit court's decision on continued detention *de novo*. See, *e.g.*, *People v. Brito*, 2025 IL App (1st) 242601-U, ¶ 45. We have no need, however, to resolve the question as to the appropriate standard of review, as our decision would be the same regardless of the standard applied.

¶ 19　　　　As an initial matter, we must clarify which arguments are at issue on appeal. In his notice of appeal, and in his notice in lieu of Rule 604(h) memorandum, defendant indicates that he is appealing both the December 27, 2025, initial detention order and the February 5, 2026, denial of his petition for pretrial release. In his petition for relief, however, defendant challenges only the February 5, 2026, continued detention order. Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) provides that a defendant is required to present a written motion in the circuit court "requesting the same relief to be sought on appeal and the grounds for such relief." Rule 604(h)(2) is clear that "[u]pon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." *Id.* Here, since defendant did not raise any arguments concerning the initial detention order in his motion for relief, he has waived any issue concerning the propriety of that order. See *People v. Thomas*, 2025 IL App (1st) 250251-U, ¶ 21 (while notice of appeal indicated the defendant was appealing both the initial and continued detention orders, where the motion for relief challenged only the continued detention order, any challenge to the initial detention order was waived). Consequently, we review only the propriety of the circuit court's order concerning defendant's continued detention.

¶ 20　　　　As noted, once a defendant has been detained pursuant to section 110-6.1(e), the Act requires that, "[a]t each subsequent appearance of the defendant before the court, the judge

must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2024). In this case, defendant contends that his continued detention was unnecessary where (1) it was not clear that he committed the detainable offense, (2) he did not pose a real and present threat, and (3) there were pretrial conditions which would mitigate any risk he posed.

¶ 21    We note that, while defendant raises arguments concerning all three prongs applicable to an initial detention hearing, a continued detention hearing is governed by different standards. "Although [the continued-detention] determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the [Act] does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing." *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13. We observe that in this case, the circuit court did, in fact, make such factual findings during the continued detention hearing. Its decision to do so, while unnecessary, is not problematic, as the finding required during a continued detention hearing "is effectively subsumed by the elements the State must prove at [an initial] detention hearing." *People v. Thomas*, 2024 IL App (1st) 240479, ¶ 13; see *People v. Mansoori*, 2024 IL App (1st) 232351, ¶ 51 (Reyes, P.J., dissenting). We do, however, decline to reevaluate the circuit court's finding that the State established the first element, as that was not a finding which is necessary to the continued detention analysis, and instead focus on defendant's arguments concerning his dangerousness and the availability of mitigating conditions.

¶ 22 Defendant contends that he does not pose a real and present threat to the safety of any persons or the community where he is "only charged with class four possession of a firearm, which was allegedly found on his person, and not discarded for anyone to recover," and further contends that "[t]here were no modifications to this gun, it was a five (5) round holding revolver—not a weapon of a mass casualty." We, however, reject defendant's attempt to minimize the seriousness of his offense.

¶ 23 In determining whether a defendant is dangerous, section 110-6.1 lists the presence of weapons—twice—as a factor to be considered. See 725 ILCS 5/110-6.1(g) (1), (7) (West 2024). In the context of pretrial detention hearings, our courts have repeatedly pointed to the "inherent dangerousness of firearms, particularly when they are in the possession of those who have been prohibited from possessing them." *People v. Lee*, 2024 IL App (1st) 232137, ¶ 27; see, *e.g.*, *People v. Parker*, 2026 IL App (1st) 260240-U, ¶ 24; *People v. Johnson*, 2024 IL App (1st) 240154, ¶ 20. Defendant's possession of a firearm in contravention of the law thus "goes directly against the legislature's stated purpose of promoting and protecting the safety of the public from the unlawful possession of firearms by certain individuals." (Internal quotation marks omitted.) *Lee*, 2024 IL App (1st) 232137, ¶ 29.

¶ 24 In addition, defendant's unlawful possession of the firearm occurred while he was on pretrial release for another offense, which is also a factor to be considered. 725 ILCS 5/110-6.1(g)(8) (West 2024). It is a mandatory condition of pretrial release that a defendant not violate any criminal statute during the pendency of his case. See *id.* § 110-10(a)(4). It is also a mandatory condition of pretrial release that a defendant appear in court when required. See *id.* § 110-10(a)(1). Defendant demonstrated noncompliance with both of these conditions, first by

failing to appear in court on his pending charges and second by unlawfully possessing a firearm.

¶ 25    Finally, the nature and circumstances of the offense are relevant factors to be considered. *Id.* § 110-6.1(g)(1). While there are certainly questions concerning the facts leading to defendant's arrest, the burden of proof at a detention hearing is less than what is required at trial, and the rules of evidence do not apply to the evidence presented at such a hearing. *Id.* § 110-6.1(f). The facts as proffered by the State indicated that defendant was arrested after a report of a home invasion in which he threatened another with the firearm which was subsequently discovered on his person. The facts leading to his arrest, the fact that defendant was unlawfully possessing a firearm, and the fact that defendant was doing so while on pretrial release for another offense all support the circuit court's finding that defendant continued to pose a threat to a person or to the community. See *People v. Rose-Watkins*, 2026 IL App (1st) 252509-U, ¶ 43 (finding pretrial detention appropriate for charge of aggravated unlawful possession of a weapon based on lack of FOID card or CCL).

¶ 26    We also find no merit to defendant's suggestion that there were pretrial conditions which could mitigate any threat he posed. "[T]he court is tasked with considering not just whether conditions short of detention exist, but also whether a defendant is likely to *comply* with them." (Emphasis in original.) *People v. Bueno*, 2024 IL App (2d) 240053, ¶ 13. As noted, at the time of the instant offense, defendant was on pretrial release for a different case. He violated the conditions of that pretrial release in two separate ways: (1) he previously failed to appear for a court date, leading the State to seek a warrant for his arrest; and (2) he is alleged to have violated a criminal statute while released when he chose to unlawfully possess a firearm. Defendant's actions with respect to his other case are strong evidence that his continued

detention is necessary. See *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 36 (the defendant's "history of failing to abide by prior conditions of release placed upon him, by possessing a weapon while prohibited from doing so, further suggests that continued detention is necessary to avoid the safety risk posed by defendant"); *Lee*, 2024 IL App (1st) 232137, ¶ 33 (where defendant failed to comply with limitations placed on him by possessing a weapon while prohibited from doing so, pretrial detention was appropriate). Accordingly, we affirm the circuit court's finding that defendant's continued detention was necessary.

¶ 27                                   CONCLUSION

¶ 28        The circuit court's order finding that defendant's continued detention was necessary is affirmed, where the proffered evidence established that defendant continued to pose a real and present threat to the safety of the community and no pretrial conditions could mitigate that risk.

¶ 29        Affirmed.